Frederick C. WACHTER, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 94–391.

United States Court of Veterans Appeals.

Feb. 21, 1995.

Before KRAMER, MANKIN, and IVERS, Judges.

## ORDER

PER CURIAM.

On April 4, 1994, the Board of Veterans' Appeals (BVA or Board) issued a decision which denied the veteran's claim for an increase in his 30% rating for rheumatic heart disease with aortic valve replacement. *Frederick C. Wachter*, BVA 94–04629 (April 4, 1994). The veteran filed a motion for reconsideration with the Chairman of the Board (Chairman) dated April 7, 1994, but received by the Board on April 25, 1994. On May 23, 1994, the veteran filed his Notice of Appeal (NOA) with this Court while the motion for reconsideration was pending before the Chairman. On July 8, 1994, the motion for reconsideration was denied by a Deputy Vice Chairman of the Board by the direction of the Chairman.

On August 8, 1994, the Secretary submitted a motion to dismiss the appeal without prejudice arguing that the veteran filed an untimely NOA with this Court while the motion for reconsideration was pending before the Chairman. The veteran did not submit any pleadings in conjunction with this appeal.

The United States Court of Appeals for the Federal Circuit recently held that this Court's jurisdiction is limited to decisions of the Board and that this Court has no statutory basis for jurisdiction "over acts or decisions of the Chairman absent some underlying final decision by the board." *Mayer v. Brown*, 37 F.3d 618, 620 (Fed.Cir.1994). The Federal Circuit further stated in their decision that a decision by the Chairman is not a decision by the Board and that the Chairman "cannot act on or decide a case for the board." *Id., see* 38 U.S.C. § 7102(c). Should the Chairman grant the veteran's motion for reconsideration, the case is then heard by an expanded section of the Board, and a decision rendered by a majority of that expanded section of the Board constitutes the final decision of the Board. *Id.* at 619, 38 U.S.C. § 7103(b). Essentially, as long as the motion for reconsideration of the decision remains pending before the Chairman, there is always a possibility that the motion will be granted, an event which would render judicial review unnecessary. *See Bellsouth Corp. v. F.C.C.*, 17 F.3d 1487, 1489 (D.C.Cir.1994). Consequently, when the veteran files a motion for reconsideration of a BVA decision and, at the same time, files an NOA with the Court, the decision of the BVA is nonfinal for purposes of judicial review. A party cannot be in "two places at the same time." *Id.* at 1489. *Rosler v. Derwinski*, 1 Vet.App. 241, 249 (1991) (where the appellant files a motion for reconsideration with the Board during the 120–day judicial appeal period before filing an NOA with this Court, "the finality of the initial BVA decision is abated by that motion for reconsideration"). Therefore, the appellant's premature NOA was ineffective, but became effective upon the Chairman's denial of the motion for BVA reconsideration. At that time, the appellant's NOA became effective with respect to the April 4, 1994, BVA decision. However, as no amended NOA was ever filed with respect to the Chairman's denial of reconsideration, the Court is precluded from reviewing it. *See* 38 U.S.C. § 7266.

Upon consideration of the foregoing, it is

ORDERED that the Secretary's motion to dismiss is DENIED. It is further

ORDERED that the Secretary, within 60 days after the date of this Order, shall designate the record on appeal.

KRAMER, Judge, concurring:

The appellant's NOA was premature when it was filed on May 23, 1994, because the appellant's prior motion for reconsideration of the April 4, 1994, BVA decision abated the finality of such decision. *See Rosler v. Derwinski*, 1 Vet.App. 241, 249 (1991). While the Court could have dismissed the appeal at the time of receipt of the NOA, *see Rosler*, 1 Vet.App. at 245 (where a claimant files a motion for reconsideration of a BVA decision, such claimant may not pursue judicial review until the motion is disposed of by the BVA or the claimant withdraws the motion); 38 U.S.C. § 7266(a) (this Court may only review final BVA decisions), it did not do so.

In light of the fact that the NOA was "received before the ... filing period began and was not returned to the appellant," *March v. Brown*, 7 Vet.App. 163, 166 (1994) (involving an application for attorney fees filed under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), prior to the entry of judgment), and because the BVA decision became final when the Chairman denied reconsideration on July 8, 1994, *see Rosler*, 1 Vet.App. at 249, "such filing [of the NOA] was not untimely even though premature because the appeal period had not run. A premature filing is "treated as if" it were later filed." *Stillwell v. Brown*, 6 Vet.App. 291, 300 (1994) (citations omitted) (EAJA application which was filed after judgment had entered, but prior to the expiration of the 60–day appeal period to the U.S. Court of Appeals for the Federal Circuit, although premature, was deemed timely). Therefore, the appellant's NOA was timely. The Clerk of the Court should be directed to stamp the NOA filed as of July 9, 1994, one day following the date of the Chairman's denial of reconsideration, and to so docket it. *See March*, 7 Vet.App. at 166 (premature EAJA application deemed filed as of the first day of the EAJA application period).