# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 11-3243

JOYCE RATLIFF,                                                          APPELLANT,

V.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS,                                  APPELLEE.

**O R D E R**

Before KASOLD, *Chief Judge*, and DAVIS and BARTLEY, *Judges.*

On October 19, 2011, Mrs. Joyce Ratliff filed a Notice of Appeal (NOA) from a July 24, 2008, decision of the Board of Veterans' Appeals (Board or BVA) that denied dependency and indemnity compensation and accrued benefits. The NOA was filed with this Court after the 120-day statutory deadline. *See* 38 U.S.C. § 7266(a) (requiring the NOA to be filed with the Court within 120 days after the date the Board decision is mailed). On December 16, 2011, the Secretary filed a motion to dismiss the appeal as untimely. Attached to the motion to dismiss, however, was a document Mrs. Ratliff had mailed to the North Little Rock, Arkansas, VA regional office (RO)[1] on August 29, 2008, stating, inter alia: "I want to appeal." Motion to Dismiss at Attachment 2. In response to the Secretary's motion, Mrs. Ratliff asserted that the August 2008 letter constituted an NOA timely misfiled at the RO, such that equitable tolling is warranted.

On September 24, 2012, the Court referred Mrs. Ratliff's appeal to a panel. On March 27, 2013, the Court ordered additional briefing on, inter alia, whether Mrs. Ratliff's August 2008 letter constitutes a timely misfiled NOA, and whether "the RO [is] under an obligation to respond to or act upon receipt of submissions such as Mrs. Ratliff's August 2008 letter[.]" *Ratliff v. Shinseki*, U.S. Vet. App. No. 11-3243 (per curiam order Mar. 27, 2013).

On April 5, 2013, the Secretary – agreeing with Mrs. Ratliff's position on the August 2008 letter – filed an unopposed motion to withdraw his motion to dismiss, and the parties filed a joint motion to stay pending a Court decision on the Secretary's motion to withdraw the motion to dismiss. In an April 10, 2013, order, the Court granted the Secretary's motion to withdraw his motion to dismiss, and denied the joint motion to stay. The Court further noted that "'the 120-day time period in which to file an NOA is not a matter subject to waiver or forfeiture by the Secretary,'" and ordered that the parties file additional briefing in accordance with its March 27, 2013, order. *Ratliff*, *supra* (quoting *Bove v. Shinseki*, 25 Vet.App. 136, 143 (2011)).

---

[1] There is no dispute that the North Little Rock RO is the RO from which Mrs. Ratliff's claim originated.

On April 11, 2013, Mrs. Ratliff filed a supplemental brief alleging that her August 2008 letter was a timely misfiled NOA. Appellant's Supplemental (Supp.) Brief (Br.) at 6-7. On May 10, 2013, the Secretary filed a response agreeing with Mrs. Ratliff. The Secretary further noted that "[t]he V[eterans ]B[enefits ]A[dministration] has developed concepts, policies, and procedures related to the RO's review and processing of Board decisions and documents expressing disagreement with them." Secretary's Response (Resp.) to Appellant's Supp. Br. at 6. The Secretary states that, although the *VA Adjudication Procedures Manual Rewrite* (M21-1MR) requires the RO to act upon receipt of such submissions, "there is no evidence that the RO took any action relative to the August 2008 letter." *Id.*

Specifically, the Secretary stated that the M21-1MR "emphasizes the importance of quickly identifying . . . documents [expressing disagreement with Board decisions] and promptly forwarding them to the Board . . . [and] that the Board is then charged with determining whether any document that the RO forwards to it in this regard is a motion for reconsideration or a misfiled NOA." *Id.* at 7. The Secretary further noted that the M21-1MR requires the RO to

> treat any written communication expressing disagreement with a Board decision as a possible motion for reconsideration . . . thus ensuring that the spirit of the pro-claimant system is satisfied. Where any such document is so forwarded to the Board, the RO is required to notify an appellant that it has been forwarded to the Board for its review. Here, unfortunately, it appears that the RO took none of these actions, so the Board never had the opportunity to assess the August 2008 letter.

*Id.* (emphasis in original) (internal citations omitted).

The M21-1MR provision in question states:

> [I]t is imperative that ROs, pension management centers, the Appeals Management Center, and appeals resource centers, quickly identify possible [motions for reconsideration] and promptly forward them to BVA. Only BVA can act on a [motion for reconsideration] and [the Court] will not consider an appeal while a [motion for reconsideration] is pending. [] Upon receipt of the documents, BVA will determine whether they are true [motions for reconsideration] or misfiled NOAs. . . . VA claims processors must treat any written communication expressing disagreement with a BVA decision as a possible [motion for reconsideration].

M21-1MR, pt. I, ch. 5, § G.33.c-d; *see* VA Fast Letter 11-15 (Apr. 27, 2011) (same). The M21-1MR also requires that a VA claimant be provided a letter acknowledging receipt of a disagreement with a Board decision, letting the claimant know that the RO forwarded the correspondence to the Board for its review and notifying the claimant to allow the Board 60 days to respond. M21-1MR, pt. I, ch. 5, § G.33.e.

Because a claimant's intent to appeal often expresses his or her disagreement with a Board decision, a literal reading of the Secretary's policy would require even clearly marked or identifiable NOAs misfiled at the RO to be forwarded to the Board for consideration as a request for Board reconsideration. While we do not believe the Secretary's policy prevents him from promptly returning a clearly marked or identifiable NOA to the claimant or forwarding such NOA to the Court with notification to the claimant, *cf. Boone v. Shinseki*, 22 Vet.App. 412, 414 (2009) (extolling the Secretary to return to the claimant or promptly forward to the Court potential NOAs), we note that his policy raises an issue of first impression with regard to how the handling of possible motions for Board reconsideration, including clearly marked or identifiable NOAs received at the RO within the 120-day appeal period, affects determinations of whether an NOA was timely filed at the Court and whether equitable tolling is for consideration.

Years ago, the Court expressed concern that a claimant's right to appeal to the Court might be extinguished merely because the processing of his or her motion for Board reconsideration lasted beyond the 120-day appeal period. *Rosler v. Derwinski*, 1 Vet.App. 241, 243-44 (1991). The Court therefore held that the finality of a Board decision is abated upon the claimant's filing of a motion for Board reconsideration within the 120-day appeal period. *Id.* at 249. The Court further held that the 120-day appeal period did not begin until the claimant was notified that the motion for reconsideration was denied or, if granted, until a new decision was rendered. *Id.*; *see also Jaquay v. Principi*, 304 F.3d 1276, 1289 (Fed. Cir. 2002) (holding that the filing of a motion for Board reconsideration at the RO "abat[ed] the original decision in accordance with *Rosler* as of the date of the filing at the VARO").

*Rosler* does not specifically address the situation where the Board Chairman finds that a written expression of disagreement forwarded by the RO as a possible motion for Board reconsideration does not constitute an actual motion for Board reconsideration. In such a case, the claimant's right to an appeal might be extinguished – unless the Court determines the written disagreement either was a motion for Board reconsideration, or a misfiled NOA with all other requirements for equitable tolling of a misfiled NOA met. *See, e.g.*, *Rickett v. Shinseki*, 26 Vet.App. 210, 218-20 (2013) (outlining the requirements for equitable tolling of misfiled NOAs); *Posey v. Shinseki*, 23 Vet.App. 406, 409 (2010) (finding that filing below was a motion for reconsideration and not an NOA); *Boone*, 22 Vet.App. at 413-14 (same).

Thus, while *Rosler* involved a document that undisputedly was a motion for Board reconsideration filed within the 120-day appeal period, the Secretary's policy to treat all written expressions of disagreement with a Board decision filed at the RO as *possible* motions for Board reconsideration and to forward them for the Board to determine whether they are *actual* motions for reconsideration – a policy the Secretary has not previously cited in other cases regarding filings at the RO, *see, e.g.*, *Fithian v. Shinseki*, 24 Vet.App. 146, 157 (2010) – highlights an issue not previously addressed: Is finality of a Board decision abated for purposes of appealing to the Court when a claimant files at the RO within the 120-day appeal period what is possibly a motion for Board reconsideration as described in the M21-1MR, even if it ultimately is determined by the Board that the written disagreement does not actually constitute such a motion?

Although the Secretary's policy concerning possible motions for reconsideration is not statutory and was not promulgated as a regulation, it is the Secretary's self-imposed policy governing the processing of his internal mail, and we do not find it inconsistent with statute and regulation; indeed, given the lack of clarity in many pro se filings, we appreciate the basis for this policy. We additionally note that the Secretary's policy has been extant for many years but has not been addressed until now due to its inclusion for the first time in the Secretary's response to our March 2013 order.

As *Rosler* made clear, "a request for agency reconsideration renders the underlying action nonfinal, and thus not ripe for judicial review." 1 Vet.App. at 246 (citing *ICC v. Bhd. of Locomotive Eng'rs,* 482 U.S. 270, 285 (1987)). Thus, if an undisputed motion for Board reconsideration is filed before an NOA is filed at the Court, the Board rather than the Court has jurisdiction to proceed. *See Pulac v. Brown*, 10 Vet.App. 11 (1997) (per curiam order) (until motion for Board reconsideration has been adjudicated, there is no final Board decision per *Rosler* and the Court lacks jurisdiction to review the underlying Board decision). However, when a document is forwarded from the RO to the Board as a *possible* motion for Board reconsideration, whether the Court has jurisdiction over the merits or not remains unclear until a determination is rendered as to whether the document is a motion for Board reconsideration. Thus, there is a period of uncertainty with regard to whether the Board or the Court has jurisdiction, with potentially harsh consequences for the claimant if, after the time to appeal to the Court has expired, the Board determines that the possible motion for Board reconsideration is not a motion for Board reconsideration.

As a practical matter, and because the Secretary has formulated and has the authority to formulate guidelines as to what constitutes a motion for Board reconsideration, *see* 38 C.F.R. § 20.1001(a), we find that the Secretary's policy of treating every expression of disagreement with a Board decision as a possible motion for Board reconsideration should have the same effect – as to the running of the time in which to file an appeal with this Court – as the filing of a document that is undisputedly a motion for Board reconsideration. Accordingly, given the Secretary's policy, we hold that when a written expression of disagreement with a Board decision is filed at the RO during the 120-day period to file an NOA, the filing abates finality of the Board decision for purposes of appealing to the Court until one of the following actions is taken: (1) The Secretary determines the written disagreement is an NOA and returns it to the claimant with information concerning the proper location to file an appeal or forwards it to the Court and so notifies the claimant; (2) the Board Chairman determines the status of the document, that is, whether it is a motion for Board reconsideration, and notifies the claimant of his determination; or (3) the claimant files an NOA with the Court and, assuming the Court becomes aware that before the NOA was filed a written disagreement was filed with the RO within the Court's appeal period, the Court determines that the written disagreement was a misfiled NOA and not a motion for Board reconsideration. *Cf. Posey* and *Boone*, both *supra*; *cf. Wachter v. Brown*, 7 Vet.App. 396, 397 (1995) (per curiam order) (holding that a premature NOA became effective upon the Chairman's denial of a motion for Board reconsideration).

We further hold that if the Secretary returns the written disagreement to the claimant or the Board determines that the written disagreement does not constitute a motion for Board reconsideration, the Secretary must notify the claimant that the Board decision, as of the date of notification to the claimant, is now deemed final and that the claimant has a new 120-day appeal period beginning with the date of the mailing of the notification. *See Rosler*, 1 Vet.App. at 249 ("[T]he Secretary . . . is required by law to advise VA claimants throughout the claims adjudication process of their subsequent appellate rights as to those adjudications," and therefore must "advise the claimant of th[is] new 120-day judicial appeal period." (citing 38 U.S.C. § 3004(a) (Supp. I 1990) (now 38 U.S.C. § 5104))).

As noted above, we do not read the Secretary's policy as preventing the RO from promptly forwarding to the Court or returning to the claimant, with proper notice as outlined above, a misfiled yet clearly marked or identified NOA. Moreover, nothing prevents a claimant from filing an NOA with the Court at any time; and, whenever a purported NOA is filed with the Court, the Court has jurisdiction to determine its own jurisdiction. *See Smith (Irma) v. Brown*, 10 Vet.App. 3330, 332 (1997). This is the situation we face here. There is no dispute that Mrs. Ratliff's August 29, 2008, letter reflects disagreement with the July 24, 2008, Board decision, or that it was filed with the RO within the 120-day appeal period. Thus, per our holding today, the filing of the letter at the RO abated the finality of the Board decision for purposes of appealing to the Court until one of the actions noted above is taken.

Mrs. Ratliff filed an NOA with the Court in October 2011, prior to any action by the Secretary or Board with regard to her August 2008 written disagreement with the July 2008 Board decision. On review, we find that Mrs. Ratliff's August 2008 letter is not a motion for Board reconsideration but, rather, constitutes an NOA because it substantially meets the requirements of 38 U.S.C. § 7266 and Rule 3(c) of this Court's Rules of Practice and Procedure. *See Rickett*, 26 Vet.App. at 219-20 (noting "the requirement that an NOA reflect a clear intent to appeal to the Court," but that NOAs are construed liberally and no specific language is required); *Calma v. Brown*, 9 Vet.App. 11, 14 (1996); *Chadwick v. Derwinski*, 1 Vet.App. 74, 76 (1990); *see also Posey*, *Boone*, and *Wachter*, all *supra*. Thus, we hold today that Mrs. Ratliff's August 2008 communication was an NOA that was not filed at the Court but that served to abate the finality of the July 2008 Board decision for purposes of appeal to the Court. Because the Secretary did not take any action with regard to Mrs. Ratliff's August 2008 written disagreement, the finality of the July 2008 Board decision remained abated when she filed an October 2011 NOA with the Court. By our decision today – finding that her August 2008 communication was an NOA and not a motion for Board reconsideration – her October 2011 NOA is now effective, per *Wachter*, 7 Vet.App. at 397.

Accordingly, pursuant to our holdings and findings above, the July 24, 2008, Board decision is now final and Mrs. Ratliff's October 2011 NOA is timely filed with the Court.

On consideration of the foregoing, it is

5

ORDERED that both parties should proceed in accordance with the Court's Rules of Practice and Procedure.

DATED: September 11, 2013                                      PER CURIAM.

Copies to:

Jennifer A. Zajac, Esq.

VA General Counsel (027)