ORDER
PER CURIAM:
Before the Court is the issue of whether the appellant’s August 15, 2014, Notice of Appeal (NOA) of a June 18, 2013, Board of Veterans’ Appeals (Board) decision is timely, including whether a July 9, 2013, motion that he filed with the Board, and which the Board then forwarded to a VA regional office (RO), abated the finality of the June 2013 Board decision. For the reasons that follow, the Court determines that the finality of the June 2013 Board decision was abated until the Board determined in October 2014, after the appellant filed his August 2014 NOA, that his July 2013 submission was not a motion for reconsideration. The Court will extend the holding of Ratliff v. Shinseki, 26 Vet.App. 356 (2013), to written expressions of disagreement filed at the Board, conclude that the August 2014 NOA was filed prematurely, and now accept it as timely under Wachter v. Brown, 7 Vet.App. 396 (1995).
I. BACKGROUND
On June 18, 2013, the Board issued a decision denying entitlement to an initial disability rating in excess of 40% for service-connected degenerative joint disease and degenerative disc disease, as well as to a total disability rating based upon individual unemployability. On July 9, 2013, the appellant, then pro se, filed a motion with the Board, titled “Motion for Revision of Board June 18, 2013 Decision Pursuant to Subpart-0 Section 20.1400 Rule 1400 (Rule A & B) Inextricably Intertwined.” On August 15, 2014, the appellant filed an NOA with the Court, more than 120 days after the date the Board mailed the June 2013 decision. See 38 U.S.C. § 7266(a). The appellant explained that his NOA was untimely because the Board “refused to reply to [his] Motion for Reconsideration received by the Board on July 9, 2013.” Aug. 15, 2014, NOA.
On September 26, 2014, the Court ordered the Secretary to file a preliminary record indicating whether VA had received the appellant’s July 2013 motion and, if so, to advise the Court as to the motion’s current status. The Secretary responded on October 27, 2014, with a declaration from the Board’s Principal Deputy Vice Chairman, Bruce Gipe, as to the status of the appellant’s motion. Mr. Gipe acknowledged that the Board received the appellant’s motion on July 9, 2013, but stated that “a member of the Board’s mail room staff incorrectly noted that the document was dated February 15, 2012 ... [and] erred in characterizing the correspondence as a statement to be forwarded to the RO for association with the claims file, rather than as a motion to be addressed by the Board.” Secretary’s Oct. 27, 2014, Response (Resp.), Exhibits (Exs.) at 2. Attached to the declaration was a communication to the Director of the Waco RO from Mr. Gipe, in which he stated that the appellant’s letter was being forwarded “for your information and any necessary action.” Id., Ex. A. at 5. Apparently, the RO took no action with regard to Mr. Gomez’s submission beyond associating it to his claims file. See id., Exs. at 2.
In his declaration, Mr. Gipe further determined that the appellant’s July 2013 submission was, in fact, a motion to revise the Board decision on the basis of clear and unmistakable error (CUE). He cited 38 C.F.R. § 20.1404(e) for the proposition that “motions to revise Board decisions on the basis of CUE may not also be considered motions for reconsideration of the Board decision.” Id. at 3. Finally, Mr. *41 Gipe asserted that “[n]o motions for reconsideration of the Board’s June 2013 decision have been received by the Board.” Secretary’s Oct. 27, 2014, Resp. at 2, Exs. at 3.
On November 24, 2014, the Court ordered the appellant to show cause why his appeal should not be dismissed. The appellant responded on December 1, 2014, asserting that he submitted a timely motion for reconsideration, which the Board had failed to adjudicate. See Appellant’s Dec. 1, 2014, Resp. at 1-2. On May 21, 2015, the Court submitted this case to a panel for decision, stayed the matter to permit the appellant to obtain representation, and noted that an issue before the Court was whether the appellant’s July 2013 motion abated the finality of the June 2013 Board decision for the purpose of timely filing an NOA. Gomez v. McDonald, No. 14-2751 (Vet.App. May 21, 2015) (unpublished order).
On June 19, 2015, the Secretary filed a motion to dismiss or, alternatively, to deem the appellant’s NOA timely. In his motion, the Secretary asserts that the “[ajppellant properly, and correctly, filed his ‘written expression of disagreement’ with the Board in July of 2013,” thereby “abating] the finality of the [Board] decision on appeal, for the Court’s jurisdictional purposes, until the [Board] Chairman, or the Court, determines that the written disagreement was a motion for Board reconsideration.” Secretary’s June 19, 2015, Motion (Mot.) at 3 (citing Ratliff, 26 Vet.App. at 360). He asks the Court to “dismiss the instant appeal based upon [the a]ppellant’s pending motion for [Board] reconsideration of the Board decision on appeal.” Id. at 7; see Pulac v. Brown, 10 Vet.App. 11 (1997) (per curiam order) (holding that an NOA filed while a motion for Board reconsideration is pending is premature, as “there is no appeal before the Court over which it could exercise its jurisdiction” (citing Wachter, 7 Vet.App. at 396)). Alternatively, the Secretary asserts that the appellant’s NOA “should be deemed timely filed with the Court, under an equitable tolling analysis.” Secretary’s June 19, 2015, Mot. at 7.
On August 13, 2015, the appellant, now represented, filed a response to the Secretary’s motion to dismiss, arguing that the Secretary’s motion should be denied. In it, he asserts that his July 2013 motion abated the finality of the Board decision and that his prematurely filed NOA became effective when Mr. Gipe determined on October 27, 2014, that the July 2013 motion was not a motion for reconsideration. Appellant’s Aug. 13, 2015, Resp. at 6-8; see Ratliff, 26 Vet.App. at 360 (holding that a written expression of disagreement “abates finality of the Board decision ... until ... the Board Chairman determines the status of the document ... and notifies the claimant of his determination”). Alternatively, the appellant argues that, should this Court determine that his July 2013 filing is a motion for reconsideration, the Court should instruct the Secretary to rule on the motion for reconsideration within 30 days (if the Court finds that the motion is pending), or accept his NOA as timely under an equitable tolling analysis (if the Court determines that the motion was constructively denied). Appellant’s Aug. 13, 2015, Resp. at 8-10.
II. ANALYSIS
To be timely, an NOA must be filed with this Court within 120 days after the date the Board decision was mailed to the appellant. 38 U.S.C. § 7266(a); U.S. Vet.App. R. 4(a). However, a motion for Board reconsideration filed within the 120-day judicial appeal period abates the finality of the Board decision for purposes of appealing to the Court. See Rosler v. Derwinski, *42 1 Vet.App. 241, 243-44 (1991); 38 C.F.R. § 20.1001(a) (2015). The appellant then has a new 120-day period following the Board Chairman’s denial of reconsideration in which to file an NOA with the Court or a new motion for reconsideration with the Board. See Rosler, 1 Vet.App. at 249. This Court has the authority, “in determining whether a timely NOA has been filed, to also determine whether a document is a motion for reconsideration.” Fithian v. Shinseki, 24 Vet.App. 146, 157 (2010).
In Ratliff, the Court acknowledged the Secretary’s policy to treat all “written expressions of disagreement” with a Board decision filed at the RO as potential motions for Board reconsideration and to forward them for the Board to determine whether they are actual motions for reconsideration. 26 Vet.App. at 360-61. Specifically, the Court held that
when a written expression of disagreement with a Board decision is filed at the RO during the 120-day period to file an NOA, it abates finality of the Board decision for purposes of appealing to the Court until one of the following actions is taken: (1) The Secretary determines the written disagreement is an NOA and returns it to the claimant with information concerning the proper location to lodge an appeal or forwards it to the Court and so notifies the claimant; (2) the Board Chairman determines the status of the document, that is, whether it is considered a motion for Board reconsideration or not, and notifies the claimant of its determination; or (3) the claimant files an NOA with the Court and, assuming that the Court becomes aware that prior to the filing of the NOA a written disagreement was filed with the RO within the Court’s appeal period, determines that the written disagreement was a misfiled NOA and not a motion for Board reconsideration. Cf. Posey [v. Shinseki, 23 Vet.App. 406, 409 (2010),] and Boone [v. Shinseki, 22 Vet.App. 412, 414 (2009) ]; cf. Wachter v. Brown, 7 Vet.App. 396, 397 (1995) (per curiam order) (holding that a premature NOA became effective upon the Chairman’s denial of a motion for Board reconsideration).
[The court further held] that if the Secretary returns the written disagreement to the claimant or the Board determines that the written disagreement does not constitute a motion for Board reconsideration, the Secretary must notify the claimant that the Board decision, as of the date of notification to the claimant, is now deemed final and that the claimant has a new 120-day appeal period beginning with the date of the mailing of the notification.
Ratliff, 26 Vet.App. at 360-61 (emphasis added).
The appellant’s July 2013 submission is styled as a motion for revision on the basis of CUE. See Secretary’s Oct. 27, 2014, Resp., Exs. at 7; but see May v. Nicholson, 19 Vet.App. 310, 317 (2005) (holding that “a CUE [motion] (or any collateral attack) cannot lie as to a decision that is still open to direct review”). Nevertheless, the Secretary characterizes the July 2013 submission as a “written expression of disagreement” with the June 2013 Board decision and asks the Court to dismiss the appeal under Rosier “based upon the appellant’s pending motion for reconsideration.” Secretary’s June 19, 2015, Mot. at 3, 7 (emphasis added). The appellant also characterizes his July 2013 submission as a “written expression of disagreement.” Appellant’s August 13, 2015, Resp. at 1-2, 6. Our dissenting colleague correctly maintains that the parties’ agreement as to the nature of the appellant’s July 2013 submission is not binding on the *43 Court. See Copeland v. Shinseki, 26 Vet.App. 86, 90 n. 4 (2012) (noting that the parties’ agreement is not binding on the Court); but see Checo v. Shinseki, 748 F.3d 1373, 1378 n. 5 (Fed.Cir.2014) (questioning the Veterans Court’s reluctance to accept the Secretary’s concession of extraordinary circumstance element in equitable tolling case). However, because Mr. Gomez’s July 2013 submission was in writing and expressed disagreement with the June 2013 Board decision, see Secretary’s October, 27, 2014, Resp. Exs. at 31-37, the Court finds no basis to reject the parties’ characterizations of the July 2013 submission as a written expression of disagreement with the June 2013 Board decision and subject to Ratliff.[1]
Although the Secretary’s October 27, 2014, response included a declaration from Mr. Gipe stating that “motions to revise Board decisions on the basis of CUE may not also be considered motions for reconsideration of the Board decision,” see Secretary’s Oct. 27, 2014, Resp., Ex. at 3, the Court notes that the regulation cited by the Principal Deputy Vice Chairman was misquoted and contains no prohibition against a Board CUE motion being considered a Board motion for reconsideration. 38 C.F.R. § 20.1404(e) (2015). Section 20.1404(e) instead provides that a Board motion for reconsideration will not be considered a CUE motion. Id. That there is no regulation prohibiting the Secretary from considering a Board CUE motion as a motion for Board reconsideration, or as a potential motion for Board reconsideration, provides this Court with a further basis to accept the July 2013 motion, per the parties’ characterizations, as, at minimum, a potential motion for reconsideration.
We note that this Court’s holding in Ratliff appears to be limited to written expressions of disagreement “filed at the RO.” Ratliff, 26 Vet.App. at 360. However, “the jurisprudence of this Court and the [U.S. Court of Appeals for the] Federal Circuit has consistently acknowledged VA as one entity for pleading purposes.” Fithian, 24 Vet.App. at 152. Thus, whether a written expression of disagreement is filed at the RO or at the Board is immaterial to how VA should act. See Jaquay v. Principi, 304 F.3d 1276, 1287 (Fed.Cir.2002) (holding that the language of 38 C.F.R. § 20.1001, stating that motions for reconsideration “must be filed at the following address,” is merely for the administrative convenience of the Board); Boone v. Shinseki, 22 Vet.App. 412, 414 (2009) (“The Board is not an independent entity, *44 but is part of VA and, subject to limitations expressed by statute, is under the control of the Secretary.”); Kouvaris v. Shinseki, 22 Vet.App. 377, 381 (2009) (citing Jaquay for the proposition that “strict compliance as to where within the Board, or even within VA, the motion for reconsideration must be filed is not required”). Accordingly, the Court extends the reasoning of Ratliff to written expressions of disagreement with a Board decision filed at the Board in addition to those filed at the RO. See Jaquay, 304 F.3d at 1287; Boone, 22 Vet.App. at 414.
Although we here extend the holding in Ratliff to written expressions of disagreement filed at the Board, we note that the Principal Deputy Vice Chairman’s October 2014 declaration and attached exhibit indicates that Mr. Gomez’s July 2013 submission, although received by the Board, was then forwarded to the Waco RO “for any necessary action.” Secretary’s Oct. 27, 2014, Resp. Ex. A. at 5, The Principal Deputy Vice Chairman indicated that a member of the Board’s mail room staff incorrectly transcribed the document’s date and erred in characterizing the correspondence, but such Board error does not absolve the RO from reviewing the contents of the submission and, if warranted, taking action, including, but not limited to, such actions as are required by Ratliff; in fact, the Board’s referral letter requesting that the RO take “any necessary action” indicated as much. Id.
Our holding today does not conflict with May, 19 Vet.App. at 320, which requires, assuming a timely NOA to the Court is filed, that a CUE motion received by the Board within the Court’s 120-day appeal period be held until judicial proceedings are complete. Therefore, should the Board receive a written expression of disagreement that it determines is a motion for revision of a Board decision based on CUE, which did not occur in this case and, assuming a timely NOA is filed with this Court, the motion must be held until judicial proceedings are complete. Id. (construing 38 C.F.R. § 20.1410 as providing that “upon receipt of a premature CUE [motion], the Board must hold the [motion] and not file it at that time and then, upon expiration of the 120-day judicial appeal period” file the CUE motion where no NOA is filed; or, “upon the conclusion of court action, decide whether filing the motion at that time would be consistent with §§ 20.1400(a) and 20.1400(b)”); see 38 C.F.R. § 20.1404 (providing pleading requirements for a motion for revision of a Board decision based on CUE).
On the other hand, should the Board receive a written expression of disagreement that it determines is not a CUE motion, the process set forth in Ratliff applies and the finality of the Board decision is abated until that process is complete, at which point a new 120-day appeal period begins. Ratliff, 26 Vet.App. at 360. Because we accept the parties’ representations that the July 2013 submission was a written submission of disagreement with a Board decision, i.e., a potential motion for reconsideration as per Ratliff, Mr. Gomez’s appeal does not present the situation extant in May. Nor does it present for consideration the question of whether filing a motion for revision of a Board decision based on CUE might abate the finality of an underlying Board decision for purposes of filing a timely NOA, and we render no opinion on that issue.
Although our colleague is critical of our extension of Ratliff to written expressions of disagreement filed at the Board, this extension will have minimal impact. Ratliff already requires that an RO forward written expressions of disagreement to the Board Chairman, who is to “determine[ ] the status of the document, that is, *45 whether it is considered a motion for Board reconsideration or not, and notif[y] the claimant of its determination.” Ratliff, 26 Vet.App. at 360-61.
As discussed above, Ratliff held that a written expression of disagreement “abates the finality of the Board decision until one of [three listed] actions is taken,” at which point a new 120-day appeal period begins. Id. at 360. Here, the Court accepts the parties’ characterizations of the July 2013 submission as a written expression of disagreement with the June 2013 Board decision and notes that the Board’s Principal Deputy Vice Chairman has determined that the July 2013 submission was not a motion for reconsideration, and that the Secretary’s October 27, 2014, Response informed the appellant of this determination. That determination and the October 2014 notice to the appellant satisfy the requirements set forth in Ratliff. See 26 Vet.App. at 360. Accordingly, the appellant’s premature NOA became effective on October 27, 2014, thereby vesting the Court with jurisdiction over this matter. See Wachter, 7 Vet.App. at 397. The Court will, therefore, accept the appellant’s NOA as timely.
Upon consideration of the foregoing it is
ORDERED that the Secretary’s motion to dismiss the appeal is DENIED. It is further
ORDERED that the appellant’s August 15, 2014, NOA is accepted as timely. It is further
ORDERED that, within 30 days after the date of this order, the Secretary serve the appellant a copy of the record before the agency and file the appropriate notice with the Court. See U.S. Vet. App. R. 10(a).

. Despite our dissenting colleague’s principled assertion that an appellant has the right to pursue any available route in prosecuting his or her claim, given the pro-veteran nature of the VA claims adjudication system, it would simply be illogical to liberally construe a pro se veteran’s submission in a way that would forfeit the right to direct review of a Board decision in exchange for review under the much higher scrutiny of a CUE motion at a later date. See Robinson v. Shinseki, 557 F.3d 1355, 1358-59 (Fed.Cir.2009) (noting that "the Board has a special obligation to read pro se filings liberally”); Evans v. Shinseki, 25 Vet.App. 7, 14 (2011) (noting the "veteran-friendly, non-adversarial” nature of the VA benefits system); Calma v. Brown, 9 Vet.App. 11, 15 (1996) (explaining that it is the Court’s practice to liberally construe the pleadings of pro se litigants); see also Berger v. Brown, 10 Vet.App. 166, 169 (1997) (”[T]he appellant, who always bears the burden of persuasion on appeals to this Court, bears an extra-heavy burden when the appeal is a collateral attack, in the form of a CUE [motion].... A final decision is entitled to a strong presumption of validity.”); cf. Pederson v. McDonald, 27 Vet.App. 276, 291 (2015) (Lance J. concurring) ("It is not immediately clear why an appellant would make a knowing and voluntary litigation choice not to raise even a colorable argument on direct appeal, only to preserve the right to bring a collateral attack under a much higher standard of proof at a later date.”).