Citation Nr: 1829746 
Decision Date: 07/24/18 Archive Date: 08/02/18

DOCKET NO. 15-03 265 ) DATE
 )
 )


THE ISSUES

1. Whether a March 7, 2013, decision of the Board should be revised or reversed on the grounds of clear and unmistakable error (CUE)..

2. Whether a June 23, 2014, decision of the Board should be revised or reversed on the grounds of CUE.


REPRESENTATION

Moving party represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

K. Wysokinski, Associate Counsel





INTRODUCTION


The Veteran served on active duty in the United States Army from March 1972 to December 1973. 

This matter is before the Board as an original action on the motion of the veteran in which he alleges CUE in March 2013 and June 2014 Board of Veterans' Appeals decisions. The Board received the Veteran's July 2014 correspondence alleging CUE within the 120-day period that the Veteran could file a motion for reconsideration of the June 2014 decision. The Board held the Veteran's CUE motion in abeyance to ensure the Veteran was not seeking reconsideration, and then properly docketed the Veteran's CUE motion. See Ratliff v. Shinseki, 26 Vet. App. 356, 359-60 (2013); May v. Nicholson, 19 Vet. App. 310, 3201 (2005).

The Board notes that this decision does not address the question of whether there was CUE in a February 1979 Board decision. The Veteran's and his representative's correspondence both reference the decision, but the Board has not formally accepted a CUE motion with respect to the 1979 decision. The Veteran is free to formally file such a motion, and this decision should not be read to decide any issues relevant to such a motion. 


FINDINGS OF FACT

1. In a March 7, 2013 decision, the Board, in part, denied entitlement to service connection for atrial fibrillation as secondary to the service-connected right lower extremity varicose veins and residuals of thrombophlebitis, and remanded claims including the claim of service connection for degenerative disc disease of the lumbar spine with mechanical low back pain and radiculopathy.

2. In a June 23, 2014 decision the Board in part, denied entitlement to service connection for degenerative disc disease of the lumbar spine with mechanical low back pain and radiculopathy as secondary to a service-connected right ankle disability, and denied entitlement to a rating in excess of 20 percent for residuals of a right ankle sprain. 

4. The correct facts, as they were known at the time of the March 7, 2013 and June 23, 2014 decisions were before the Board, and the statutory and regulatory provisions extant at the time, were correctly applied.


CONCLUSION OF LAW

The March 7, 2013 and June 23, 2014 decisions were not clearly and unmistakably erroneous. 38 U.S.C. § 7111; 38 C.F.R. §§ 20.1400, 20.1403.


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Background and Legal Criteria

The Veteran seeks revision of a March 7, 2013 decision where the Board, in part, denied entitlement to service connection for atrial fibrillation as secondary to the service-connected right lower extremity varicose veins and residuals of thrombophlebitis, and remanded claims including the claim for entitlement to service connection for degenerative disc disease of the lumbar spine with mechanical low back pain and radiculopathy; and a June 23, 2014 decision where the Board, in part, denied entitlement to service connection for degenerative disc disease of the lumbar spine with mechanical low back pain and radiculopathy as secondary to a service-connected right ankle disability, and also denied entitlement to a rating in excess of 20 percent for residuals of a right ankle sprain. 

Under 38 U.S.C.A. § 7111, a prior Board decision may be reversed or revised on the grounds of CUE. Motions for review of prior Board decisions on the grounds of CUE are adjudicated pursuant to the Board's Rules of Practice at 38 C.F.R. §§ 20.1400-1411. The motion alleging CUE in a prior Board decision must set forth clearly and specifically the alleged CUE, or errors of fact or law in the Board decision, the legal or factual basis for such allegations, and why the result would have been different but for the alleged error. 38 C.F.R. § 20.1404(b).

The determination of whether a prior Board decision was based on CUE must be based on the record and the law that existed when that decision was made. 38 C.F.R. § 20.1403(b)(1). CUE is a very specific and rare kind of error. It is the kind of error, of fact or law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error. Generally, either the correct facts, as they were known at the time, were not before the Board, or the statutory and regulatory provisions extant at the time were incorrectly applied. 38 C.F.R. § 20.1403(a); see also Fugo v. Brown, 6 Vet. App. 40, 43 (1993).

To warrant revision of a Board decision on the grounds of CUE, there must have been an error in the Board's adjudication of the appeal that, had it not been made, would have manifestly changed the outcome when it was made. If it is not absolutely clear that a different result would have ensued, the error complained of cannot be CUE. 38 C.F.R. § 20.1403(c); see also Bustos v. West, 179 F.3d 1378, 1380-81 (Fed. Cir.) (expressly holding that in order to prove the existence of CUE, a claimant must show that an error occurred that was outcome-determinative, that is, an error that would manifestly have changed the outcome of the prior decision).

Examples of situations that are not CUE include a new medical diagnosis that "corrects" an earlier diagnosis considered in a Board decision; the Secretary's failure to fulfill the duty to assist; and disagreement as to how the facts were weighed or evaluated. 38 C.F.R. § 20.1403(d). CUE does not include the otherwise correct application of a statute or regulation where, subsequent to the Board decision, there has been a change in the interpretation of the statute or regulation. 38 C.F.R. § 20.1403(e). 

As a threshold matter, the Board finds that the arguments advanced by the Veteran allege CUE with the requisite specificity. See 38 C.F.R. § 20.1404(b). In reaching this conclusion, the Board notes that the veteran is pursuing this claim pro se (or at least without an attorney representative), and that although CUE motions must be pled specifically, a veteran's pro se motion must be read sympathetically, notwithstanding the specific pleading requirements set forth in the regulations. Further the manifestly changed outcome may be inferred from pro se pleadings, even though not explicitly stated. See Canady v. Nicholson, 20 Vet. App. 393, 401-02 (2006).

Analysis

With respect to the March 2013 decision, the Board granted service connection for thrombophlebitis and then remanded all issues except entitlement to service connection for atrial fibrillation. The Veteran does not take issue with this denial. The Board notes that applicable law provides that only final Board decisions are subject to revision to correct CUE. 38 U.S.C. § 7111; 38 C.F.R. § §20.1400(b). A remand is in the nature of a preliminary order and does not constitute a final decision of the Board. 38 C.F.R. § 20.1100(b). Thus, to the extent that the Veteran's motion challenges the Board's remand of issues related to his back or neuropathic symptoms in the February March 7, 2013 determination, the remand is not a final decision and consequently not subject to reversal or revision on the basis of CUE. 

As to the June 2014 decision, the Board denied additional compensation for a right lower extremity neuropathy as a symptom of the Veteran's right ankle disability when the right ankle rating was assessed. The June 2014 decision pointed out that consideration of neuropathy as a service-connected disability, including as due to herbicide exposure was denied by the RO and that the appeal was not before the Board. The RO issued a supplemental statement of the case (SSOC) in July 2017, and the Veteran field a formal appeal with respect to service connection for neuropathy to the Board. To the extent the Veteran disagrees with the RO's determination regarding neuropathy and exposure to herbicide agents, the Board will address the matter in proper docket order on direct appeal. This decision makes no determination as to the merits as to whether service connection should be granted for neuropathy based on exposure to herbicide agents. 

As to arguments in the February 2018 motion by the Veteran's representative concerning service connection for a low back disability, this motion repeats the Veteran's argument that "the Board could have established service connection based on aggravation of DDD of the lumbar spine with mechanical low back pain and radiculopathy, if the Board would have reviewed the 1975 VA ordered medical examinations." With respect to the specific issue of a low back disability, the Board notes that the December 1975 VA medical examination does not address the Veteran's back. Since the examination does not address the Veteran's back, it cannot logically form a basis for CUE in denying service connection for a back disability. 

The December 1975 examination does note the Veteran's lay assertions regarding symptoms of numbness that subsequent physicians opined indicate neuropathy. This subsequent diagnosis or a failure of the duty to assist by not attempting to obtain a diagnosis in 1975 cannot not form a basis for CUE. 38 C.F.R. § 20.1403(d). Therefore even if the Board were to read the motion to argue that there was CUE based on failure to grant service connection for radiculopathy associated with a low back disability, the December 1975 examination cannot form a basis for CUE because the examination does not establish a nexus. It only notes complaints of a neurological symptom later diagnosed as neuropathy, and any failure to further develop the issue cannot form the basis for CUE. Id. 

In sum, the Veteran's CUE motions must be denied because the 1975 examination does not establish a nexus for a back disability or radiculopathy, a subsequent diagnosis of neuropathy cannot form the basis of CUE, and the Veteran's actual neuropathy claim remains pending before the Board. The Veteran has not articulated challenges to other denied claims from the March 2013 or June 2014 decisions, such as the atrial fimbriation or increased rating claims. To the extent the Board decisions remanded claims, a remand cannot form the basis of a CUE claim. 

The Veteran has also noted the issue of effective date for residuals of thrombophlebitis as reopened and granted in the March 2013 decision. The Board does not have proper jurisdiction to modify the effective date as it does not appear the Veteran filed a specific challenge to the effective date assigned by the RO. To the extent this matter implicates consideration of the Board's March 2013 decision on the basis of CUE, the Board notes that the Veteran correctly points to the February 1979 Board decision that referred the issue of service connection for varicose veins for administrative reconsideration and noted that the appropriate effective date for any ensuing grant should be March 22, 1978. However, the February 1979 Board decision did not assign an effective date for thrombophlebitis residuals, it affirmed a denial of service connection. In light of the foregoing, the Board finds that the Veteran has not established that any of the correct facts, as they were known at the time, were not before the Board. 


ORDER

The Veteran's motion to revise or reverse a March 7, 2013 Board is denied. 

The Veteran's motion to revise or reverse a June 23, 2014 Board decision is denied. 




 ____________________________________________
RYAN T. KESSEL
 Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs