# United States Court of Appeals for the Federal Circuit

---

**REGINA WINTERS,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-1815

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-2879, Senior Judge William A. Moorman.

---

Decided: August 10, 2018

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

ISAAC B. ROSENBERG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., L. MISHA PREHEIM; Y. KEN LEE, BRANDON A. JONAS, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, CHEN, and STOLL, *Circuit Judges.*

LOURIE, *Circuit Judge*.

Regina Winters ("Winters") appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying her application for attorney fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). *See Winters v. Shulkin*, No. 14-2879(E), 2017 WL 604119 (Vet. App. Feb. 15, 2017) ("*EAJA Decision*"). Because the Veterans Court did not err in determining that Winters is not a "prevailing party" under EAJA, we affirm.

## BACKGROUND

Winters is the surviving spouse of deceased veteran Arthur L. Winters. Arthur Winters served on active duty in the U.S. Army from November 1940 to September 1945 during World War II. He was a prisoner of war of the German government for approximately 25 months. During his lifetime, he was service-connected for several disabilities, and had claims pending before the United States Department of Veterans Affairs ("VA") when he died in December 2011. Following his death, Winters continued to pursue his pending claims as a substituted claimant and her own claims for accrued benefits as his surviving spouse.

On June 3, 2013, the Board of Veterans' Appeals ("the Board") granted some of Winters's substituted claims for service-connected benefits and denied others ("2013 Board decision"). Specifically, the Board denied entitlement to (1) service connection for left arm fracture, kidney condition, and malnutrition residuals; (2) an earlier effective date for a 20% disability rating and for an increased disability rating for residuals of a right brachial artery aneurysm; and (3) entitlement to ratings in excess of 10% for service-connected right and left lower extremity cold

injury residuals. The Board granted Winters's claims for service-connected benefits for residuals of a right arm fracture and hypertension for substitution purposes. The Board found that these service-connected awards were inextricably intertwined with Winters's accrued benefits claim. The Board thus remanded the claims to the Regional Office ("RO") to assign initial disability ratings for the service-connected conditions and to readjudicate the accrued-benefits claim.

On August 9, 2013, Winters submitted a letter to the VA arguing that earlier effective dates should have been awarded for the veteran's service-connected cold injury residuals and aid and attendance award ("August 2013 letter"). Under the Veterans Court's decision in *Ratliff v. Shinseki*, such a filing within the 120-day period to file a notice of appeal at the Veterans Court "abates finality of the Board decision for purposes of appealing to the [Veterans] Court until" certain additional actions are taken by the VA. 26 Vet. App. 356, 360 (2013).

In an undated note in her file, the Board determined that the August 2013 letter "d[id] not constitute [a] motion for revision of [the 2013] Board decision" and directed referral of the matters raised in the letter to the RO. J.A. 119. The Board, however, did not notify Winters of the determination that her letter did not constitute a motion for reconsideration. J.A. 190. Because of this lack of notice, under *Ratliff*, the 120-day period to appeal the 2013 Board decision to the Veterans Court did not start to run and the finality of the decision remained abated. *See* 26 Vet. App. at 360–61.

On July 24, 2014, the Board denied Winters's claim for entitlement to an earlier effective date for an award of special monthly compensation ("SMC") for substitution purposes and denied her claim for accrued benefits ("2014 Board decision"). Winters appealed to the Veterans Court and challenged both the 2013 and 2014 Board decisions.

On March 31, 2016, the Veterans Court dismissed the appeal of the 2013 Board decision for lack of jurisdiction and vacated and remanded the 2014 Board decision "for readjudication consistent with [its] decision." *Winters v. McDonald*, No. 14-2879, 2016 WL 1275079, at *9 (Vet. App. Mar. 31, 2016) ("*Remand Decision*"). In briefing before the court, the Secretary conceded that the Board did not provide notice to Winters regarding whether her August 2013 letter constituted a motion for reconsideration. The Veterans Court explained:

> Given the *Secretary's concession* that the Board did not comply with the procedures outlined in *Ratliff, supra*, the Court agrees that *the Board's July 24, 2014, adjudication of [Winters's] claims was premature*. To the extent [Winters's] attempts to appeal the abated Board decision rendered on June 3, 2013, the Court does not have jurisdiction over that decision because it is not final. However, as VA has yet to address [Winters's] potential disagreement with the June 3, 2013, decision regarding her substituted claims and those claims may affect her accrued-benefits claim as well as the date of the veteran's eligibility for SMC, the Court finds that *the resolution of [Winters's] disagreement with the Board's June 3, 2013, decision is inextricably intertwined with the issues decided by the Board in the July 24, 2014, decision timely appealed to this Court. See Henderson v. West*, 12 Vet. App. 11, 20 (1998) (where a decision on one issue would have a significant impact upon another, and that impact could render any review by this Court of the decision on the other claim meaningless and a waste of judicial resources, the two claims are inextricably intertwined). Accordingly, the Court will vacate the Board's decision and remand the matters for reconsideration consistent with this decision.

*Id.* at *8 (first and second internal citations omitted) (emphases added).

Winters subsequently sought attorney fees and expenses pursuant to EAJA relating to the Veterans Court's March 31, 2016 decision. The Veterans Court dismissed in part and denied in part her application. With respect to the 2013 Board decision, the Veterans Court dismissed the EAJA application because it lacked jurisdiction to award EAJA fees relating to an appeal over which it did not have jurisdiction. The Veterans Court denied the EAJA application in connection with the appeal from the 2014 Board decision because Winters was not a "prevailing party." The court held that because no administrative error for purposes of EAJA occurred with respect to the 2014 Board decision, Winters had not demonstrated she was a prevailing party.

Winters timely appealed from the EAJA Decision. We have jurisdiction pursuant to 38 U.S.C. § 7292.

## DISCUSSION

Our jurisdiction to review Veterans Court decisions is limited. *Martin v. O'Rourke*, 891 F.3d 1338, 1342 (Fed. Cir. 2018). We have jurisdiction to "decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). Except to the extent that an appeal presents a constitutional issue, however, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). We review the Veterans Court's interpretation of EAJA without deference, but may not review its application of EAJA to the facts of a particular case. *Thompson v. Shinseki*, 682 F.3d 1377, 1380 (Fed. Cir. 2012). The EAJA applicant bears the burden of proving he or she is a prevailing party. *Robinson v. O'Rourke*, 891 F.3d 976, 980 (Fed. Cir. 2018).

EAJA provides in relevant part:

> a court shall award to a *prevailing party* other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added).

On several occasions the Supreme Court has addressed the requirements to be considered a "prevailing party" under various fee-shifting provisions. *See, e.g.*, *CRST Van Expedited, Inc. v. EEOC*, 136 S. Ct. 1642 (2016); *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001). The Court has explained that "the 'touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties,'" and that the "change must be marked by 'judicial *imprimatur*.'" *CRST*, 136 S. Ct. at 1646 (first quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989); then quoting *Buckhannon*, 532 U.S. at 605). The Court has "interpret[ed] the term ['prevailing party'] in a consistent manner" across "various fee-shifting statutes," *id.*, and we have thus applied its guidance correspondingly, *see, e.g.*, *Robinson*, 891 F.3d at 980–82; *Former Emps. of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1364 (Fed. Cir. 2003).

Most recently, the Supreme Court held that "a favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed" in a case involving the fee-shifting provision of Title VII of the Civil Rights Act of 1964. *CRST*, 136 S. Ct. at 1646. We have recognized that the Court, in so holding, "noted the asymmetry in the parties' litigation objectives, which affects the

showing that each party must make to achieve prevailing-party status." *Robinson*, 891 F.3d at 982 (citing *CRST*, 136 S. Ct. at 1651). The Court explained that while a plaintiff "seeks a material alteration in the legal relationship between the parties" and must achieve such an alteration to prevail, the defendant merely "seeks to prevent this alteration" and thus prevails "whenever the plaintiff's challenge is rebuffed." *CRST*, 136 S. Ct. at 1651. We have applied the Supreme Court's guidance in *CRST* in the EAJA context. *See Robinson*, 891 F.3d at 982, 985–86.

Applying the Supreme Court's pre-*CRST* decisions in the context of court review of administrative agencies, we have held that to be a "prevailing party" a plaintiff "must 'receive at least some relief on the merits,' which 'alters the legal relationship of the parties.'" *Motorola*, 336 F.3d at 1364 (internal citations and alterations omitted) (quoting *Buckhannon*, 532 U.S. at 603, 605). In that context,[1] we have held that:

> where the plaintiff secures a remand requiring further agency proceedings because of alleged error by the agency, the plaintiff qualifies as a prevailing party (1) without regard to the outcome of the agency proceedings where there has been no retention of jurisdiction by the court, or (2) when

---

[1] Typically, "remands by the courts of appeals to district courts for further proceedings do not constitute relief on the merits or confer prevailing party status on the successful party." *Gurley v. Peake*, 528 F.3d 1322, 1326 (Fed. Cir. 2008). "Remands to administrative agencies are, however, different. The court proceeding is treated as a separate proceeding from the administrative proceeding, and a remand may constitute the securing of relief on the merits." *Motorola*, 336 F.3d at 1365.

successful in the remand proceedings where there
has been a retention of jurisdiction.

*Id.* at 1366. In the absence of "a judicial finding of administrative error or a concession of such error by the agency, the default rule is that the remand is not based on administrative error for EAJA purposes," and "the burden [is] on the EAJA applicant to prove . . . that the remand had to have been predicated on administrative error even though the remand order does not say so." *Davis v. Nicholson*, 475 F.3d 1360, 1366 (Fed. Cir. 2007).

Here, because the Veterans Court ordered further agency proceedings and did not retain jurisdiction, *Remand Decision*, 2016 WL 1275079, at *9, the sole issue for our consideration is whether the remand was predicated either explicitly or implicitly on agency error. *See Davis*, 475 F.3d at 1364. Whether the Veterans Court's remand decision was predicated on administrative error for purposes of EAJA is a legal issue we review *de novo*. *Robinson*, 891 F.3d at 979.

Winters argues that the Veterans Court erred in determining that she was not a prevailing party with respect to her appeal of the 2014 Board decision under EAJA. Winters contends that the Veterans Court applied an incorrect legal standard for determining prevailing party status with respect to the 2014 Board decision.[2] According to Winters, the remand of the 2014 Board decision "was not 'solely' based on the interest of judicial economy," but rather "on a judicial determination that the Board's 2014 decision was premature, and thus in error, in light of Mrs. Winters's assertion that the Board's 2013 decision was not final." Reply Br. 10.

---

[2] Winters does not argue entitlement to EAJA fees on appeal based on the Veterans Court's dismissal of the 2013 Board decision.

The government responds that the Veterans Court did not err in determining that Winters was not a prevailing party. The government argues that the Veterans Court remanded the 2014 Board decision solely in the interest of judicial economy and, therefore, correctly concluded that Winters was not a prevailing party. *See Gurley*, 528 F.3d at 1328; *Eady v. Shinseki*, 321 F. App'x 971, 975 (Fed. Cir. 2009) (per curiam). The government contends that the Secretary did not concede agency error with respect to the lack of *Ratliff* notice.

We agree with the government that the Veterans Court correctly concluded that Winters is not a prevailing party under EAJA. As Winters concedes, "the Veterans Court did not make an explicit finding of agency error." Reply Br. 14. Winters instead relies on allegedly implicitly recognized error based principally on the Veterans Court's statement that "[g]iven the *Secretary's concession* that the *Board did not comply* with the procedures outlined in *Ratliff*, *supra*, the Court agrees that the *Board's July 24, 2014, adjudication* of [Winters's] claims was *premature*." *Remand Decision*, 2016 WL 1275079, at *8 (emphases added). However, neither the Secretary's "concession" with respect to *Ratliff* notice, nor the use of the word "premature" "clearly indicates that [Winters's] remand was based on agency error," and it was her burden to prove "that the remand had to have been predicated on administrative error even though the remand order does not say so." *Davis*, 475 F.3d at 1366.

We reject Winters's argument that the failure to provide notice under *Ratliff* was an administrative error. *Ratliff* sets forth notice and finality requirements for Board decisions to determine timeliness of appeals to the Veterans Court where the claimant has filed a written disagreement with the Board's decision. Under *Ratliff*, if the "Board determines that the written disagreement does not constitute a motion for Board reconsideration, the Secretary must notify the claimant that the Board

decision, as of the date of notification to the claimant, is now deemed final and that the claimant has a new 120–day appeal period beginning with the date of the mailing of the notification." 26 Vet. App. at 361.

Applying *Ratliff* here, the Veterans Court concluded that it lacked jurisdiction over Winters's appeal of the 2013 Board decision because of "the Secretary's concession that the Board did not comply with the procedures outlined in *Ratliff*." *Remand Decision*, 2016 WL 1275079, at *8. This "concession," however, was of a factual matter relevant only to the court's jurisdiction, not of an administrative error with respect to the appealed decision. Indeed, Winters has not identified a timing or other requirement that the VA allegedly violated by not having provided notice under *Ratliff* prior to her appeal to the Veterans Court. Thus, even assuming *arguendo* that an administrative error with respect to one Board decision could support prevailing party status with respect to an appeal from another Board decision, the Secretary's *Ratliff* notice "concession" is not an administrative error that can support a prevailing party determination in this case.

Similarly, the fact that the Veterans Court referred to the 2014 Board decision as "premature" does not compel a finding of administrative error. *See Eady*, 321 F. App'x at 975 (affirming determination that appellant was not a prevailing party under EAJA and explaining that "[t]he use of the word 'error,' however, is not talismanic"). Winters has cited no authority requiring the Board to decide the issues presented in the 2013 and 2014 Board decisions together, and we are aware of none. Indeed, the Veterans Court's precedent appears to be to the contrary. *See Tyrues v. Shinseki*, 23 Vet. App. 166, 177 (2009) (en banc) (holding Veterans Court has jurisdiction "over a Board decision that denied a claim if that claim is 'inextricably intertwined' with another claim that the Board remanded . . . but may decline to exercise its jurisdiction

in such cases, as we frequently do"), *aff'd*, 631 F.3d 1380 (Fed. Cir. 2011), *judgment vacated and remanded on other grounds*, 565 U.S. 802 (2011), and *vacated and remanded on other grounds*, 467 F. App'x 889 (Fed. Cir. 2012), and *modified on other grounds*, 26 Vet. App. 31 (2012).

Rather, the Veterans Court's opinion refers to the 2014 Board decision as "premature" based solely on considerations of judicial economy. The decision does not discuss the merits of Winters's claims. *See EAJA Decision*, 2017 WL 604119, at *3. Citing its decision in *Henderson*, the Veterans Court determined that the issues in the non-final 2013 Board decision over which it lacked jurisdiction and the 2014 Board decision were "inextricably intertwined" and remanded the 2014 Board decision on that basis. *Id.*; *Remand Decision*, 2016 WL 1275079, at *8 (citing *Henderson*, 12 Vet. App. at 20). We have previously recognized that the Veterans Court in *Henderson* remanded decisions to the Board "based on notions of finality and judicial economy," and held that such remands do not confer prevailing party status under EAJA. *Gurley*, 528 F.3d at 1328 (first citing *Henderson*, 12 Vet. App. at 20; then citing *Bagwell v. Brown*, 9 Vet. App. 337, 339–40 (1996)); *see also Eady*, 321 F. App'x at 975 ("*Gurley* stands for the proposition that a remand order based on the interest of judicial economy is not a remand predicated on agency error, and that proposition applies here, notwithstanding the Veterans Court's use of the word 'erroneous.'"). Accordingly, the remand of the 2014 Board decision "based on the interest of judicial economy is not a remand predicated on agency error." *Robinson*, 891 F.3d at 983.

Winters's reliance on our decision in *Dover v. McDonald*, 818 F.3d 1316 (Fed. Cir. 2016) is misplaced. In *Dover*, "the parties agree[d] that the remand was necessitated by agency error, and the remanding court did not retain jurisdiction. The disputed issue [was] only whether the remand call[ed] for further agency proceedings within

the meaning of *Motorola*." *Id.* at 1319. In contrast, the parties here dispute whether agency error necessitated the remand. As discussed above, Winters has failed to meet her burden to establish that the remand was predicated on agency error.

Winters is also not a prevailing party when we apply the Supreme Court's guidance in *CRST*. *CRST* did not change the requirement that a plaintiff must achieve a "material alteration in the legal relationship between the parties" in order to be considered a prevailing party. 136 S. Ct. at 1651; *see also Robinson*, 891 F.3d at 985–86. Here, the Veterans Court merely afforded Winters an opportunity to have her otherwise finally denied claims reconsidered by the Board in light of related non-final claims that "may affect" them. *Remand Decision*, 2016 WL 1275079, at *8. Winters has not demonstrated a material alteration in the legal relationship of the parties based on this discretionary vacatur and remand predicated solely on the interest of judicial economy with no discussion directed to the merits of the claims. *See Robinson*, 891 F.3d at 985 (applying *CRST* and affirming determination that appellant was not a prevailing party under EAJA where "the remand reflects the Veterans Court's discretionary decision to allow a waived argument to proceed"). As we have previously observed, "[a] boxer thrown out of the ring and then allowed back in to continue the fight has not prevailed." *Akers v. Nicholson*, 409 F.3d 1356, 1360 (Fed. Cir. 2005).

We have considered Winters's remaining arguments but find them to be unpersuasive.

CONCLUSION

For the foregoing reasons, we affirm the Veterans Court's denial of attorney fees and expenses pursuant to EAJA.

**AFFIRMED**