ON MOTION
DYK, Circuit Judge.

ORDER

The Secretary of Veterans Affairs moves for summary affirmance of the Court of Appeals for Veterans Claims’ decision in Yates v. Principi, 03-909(E), denying Watkins S. Yates’ application for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Yates opposes. The Secretary replies.
The Court of Appeals for Veterans Claims vacated a Board of Veterans’ Appeals decision and remanded to allow the Board to consider an argument raised for the first time on appeal, citing Maggitt v. West, 202 F.3d 1370, 1378 (Fed.Cir.2000). On the basis of this remand, Yates filed an EAJA application. The Court of Appeals for Veterans Claims concluded that:
Here, the Court order remanding Mr. Yates’s case states that “based on the particular facts in this case,” the Court was remanding so that the Board could “consider in the first instance Mr. Yates’s arguments regarding whether his December 1993 claim constitutes the submission of new and material evidence received before the expiration of an appeal period.” The order contains no finding or acknowledgment of administrative error. Although Mr. Yates is correct that VA has a general duty to consider and apply all applicable regulations and laws pursuant to 38 U.S.C. § 7104(a), the Court order does not declare that VA failed in that duty. “[A] Maggitt-type remand does not, by itself, confer prevailing party status on the appellant.” Accordingly, Mr. Yates is not a prevailing party for EAJA purposes and the application must be denied.
(Citations omitted.)
Summary affirmance of a case “is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.” Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir.1994) (summarily affirming the Court of Federal Claims’ dismissal of a complaint). The Court of Appeals for Veterans Claims correctly determined that Yates was not a prevailing party for EAJA purposes. See Akers v. Nicholson, 409 F.3d 1356 (Fed.Cir.2005); Vaughn v. Principi, 336 F.3d 1351 (Fed.Cir.2003). Yates did not in any way prevail on the merits of his case; he was merely granted the opportunity to raise a new argument before the Board. Thus, because no substantial question exists regarding the outcome of Yates’ appeal, the court summarily affirms the judgment of the Court of Appeals for Veterans Claims.
Accordingly,
IT IS ORDERED THAT:
*955 (1) The Secretary’s motion for summary affirmance of the Court of Appeals for Veterans Claims’ judgment is granted.
(2) Each side shall bear its own costs.