NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7121

LORENZA EADY,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Francis M. Jackson, Jackson & MacNichol, of Portland, Maine, for claimant-appellant.

Phyllis Jo Baunach, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Martin J. Sendek, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Mary J. Schoelen

# United States Court of Appeals for the Federal Circuit

2008-7121

LORENZA EADY,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims
in 05-0024, Judge Mary J. Schoelen.

_____

DECIDED:  April  13, 2009

_____

Before BRYSON, MOORE, <u>Circuit Judges</u>, and CUDAHY, <u>Senior Circuit Judge</u>. *

PER CURIAM.

## DECISION

Lorenza Eady appeals from a decision of the Court of Appeals for Veterans Claims denying his request for attorney fees on the ground that he failed to establish that he was a prevailing party under the Equal Access to Justice Act.  We <u>affirm</u>.

_____

\* The Honorable Richard D. Cudahy, Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

BACKGROUND

Mr. Eady served on active duty in the U.S. Army from September 1964 to October 1975. In November 1975, Mr. Eady filed a claim with the Department of Veterans Affairs ("DVA") seeking disability compensation for a psychiatric condition. The DVA regional office granted Mr. Eady service connection for anxiety neurosis and assigned him a disability rating of 30%. Mr. Eady challenged that rating on the ground that he was "not employable" and was therefore entitled to a 100% disability rating. In April 1982, the Board of Veterans' Appeals increased Mr. Eady's disability rating to 50%, but it did not address the question whether Mr. Eady was entitled to total disability based on individual unemployability ("TDIU"). In February 1993, the regional office awarded Mr. Eady a 100% disability rating for post-traumatic stress disorder, effective as of January 27, 1989.

In May 1993, Mr. Eady filed a Notice of Disagreement alleging clear and unmistakable error ("CUE") in the February 1993 decision that awarded him a 100% disability rating as of January 27, 1989. Mr. Eady contended that he had been 100% disabled since 1975 and that the 100% rating should have been made retroactive to that date.

The Board of Veterans' Appeals ruled that there was no CUE in the February 1993 rating, and the Court of Appeals for Veterans Claims ("the Veterans Court") affirmed. Mr. Eady appealed to this court, but we dismissed the appeal after the parties entered into a settlement agreement. The settlement agreement required the DVA to adjudicate whether Mr. Eady was entitled to TDIU based on any formal or informal claim filed for any period prior to January 27, 1989. In May 2004, the regional office denied

Mr. Eady's claim for an earlier effective TDIU date on the ground that the Board had considered, but rejected, Mr. Eady's assertion of unemployability in a July 1988 decision denying him an increased disability rating.

Mr. Eady then filed two separate actions with the Board: (1) a Notice of Disagreement with the May 2004 decision by the regional office, in which Mr. Eady contended that neither the Board nor the regional office had previously addressed his informal claims for TDIU, and (2) a motion for revision of the Board's April 1982 decision that awarded Mr. Eady a disability rating of 50%, on the ground that the decision was the product of CUE because the Board had improperly applied 38 C.F.R. § 4.16, the DVA regulation pertaining to TDIU. The Board issued a decision that addressed both actions on September 23, 2004. With respect to the CUE claim, the Board determined that there was no CUE in the Board's April 1982 decision. As for Mr. Eady's notice of disagreement with the regional office's May 2004 decision, the Board found that the regional office had not issued a statement of the case on the issue of whether Mr. Eady was entitled to an earlier effective date for a grant of TDIU. The Board therefore remanded for a statement of the case on that issue.

Mr. Eady took an appeal to the Veterans Court. On June 27, 2007, the Veterans Court vacated the Board's decision denying Mr. Eady's CUE claim because it found that the two claims that were before the Board were "inextricably intertwined":

> If the appellant prevails on either claim, he is entitled to an earlier effective date for the award of an increased rating for his service-connected anxiety condition. . . . [The] CUE claim relates to the same issues currently pending before [the DVA] in the non-CUE proceeding resulting from the settlement agreement, and . . . decisions in the non-CUE proceedings may render the claim of CUE moot.

The Veterans Court therefore concluded that it was "erroneous" for the Board to have issued a final decision on Mr. Eady's CUE claim while remanding the TDIU claim. Accordingly, the court remanded the case to the Board to reconcile the inextricably intertwined proceedings. Eady v. Nicholson, No. 05-0024 (Vet. App. June 27, 2007).

Shortly after the remand order, Mr. Eady filed an application with the Veterans Court for attorney fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). The Veterans Court concluded that Mr. Eady was not a "prevailing party" under EAJA, and therefore denied his application for fees and other expenses. Eady v. Peake, No. 05-0024(E) (Vet. App. May 19, 2008). Mr. Eady then petitioned for review by this court.

DISCUSSION

With certain exceptions, EAJA provides that a "prevailing party" in a civil action brought by or against the United States is entitled to recover attorney fees and costs unless the government's position was substantially justified. 28 U.S.C. § 2412(d)(1)(A). A party is considered to be a "prevailing party" if he received "at least some relief on the merits of his claim," resulting in a "material alteration of the legal relationship of the parties." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603, 604 (2001); see Brickwood Contractors, Inc. v. United States, 288 F.3d 1371, 1379 (Fed. Cir. 2002) (applying Buckhannon to EAJA).

Although remands by a court of appeals to a district court typically do not confer prevailing party status, remands from a federal court to an administrative agency can, in some circumstances, constitute the requisite relief on the merits. "[W]here the plaintiff secures a remand requiring further agency proceedings because of alleged error by the

agency, the plaintiff qualifies as a prevailing party . . . without regard to the outcome of the agency proceedings where there has been no retention of jurisdiction by the court." Former Employees of Motorola Ceramic Prods. v. United States, 336 F.3d 1360, 1366 (Fed. Cir. 2003). Not every court-to-agency remand, however, confers prevailing party status. In order for the party to be considered "prevailing," the remand order must have been "either explicitly or implicitly predicated on administrative error." Davis v. Nicholson, 475 F.3d 1360, 1364 (Fed. Cir. 2007). The question in this case is therefore whether the Veterans Court's remand order on June 27, 2007, was predicated on agency error.

We addressed that question in Gurley v. Peake, 528 F.3d 1322 (Fed. Cir. 2008). In that case, Mr. Gurley, a veteran, appealed to the Board seeking an increase in his disability rating for a knee injury. Mr. Gurley also claimed entitlement to service connection for a psychiatric disorder stemming from that injury, as well as entitlement to a disability rating based on TDIU. The Board issued a decision increasing the veteran's disability rating for his knee injury but remanded both the psychiatric disorder claim and the TDIU claim to the regional office. Mr. Gurley filed an appeal in which he argued that the Board should not have separately addressed the knee injury claim while remanding the other related matters. The parties then filed a joint motion for remand, which the Veterans Court granted and incorporated by reference. The motion stated:

> The parties agree that remand is warranted to comply with the Court's holding in Harris v. Derwinski, 1 Vet. App. 180 (1991). Where the facts underlying separate claims are "intimately connected", the interests of judicial economy and avoidance of piecemeal litigation require that the claims be adjudicated together. Smith v. Gober, 236 F.3d 1370, 1373 (Fed. Cir. 2001). The Court has held that where a decision on one issue would have a "significant impact" upon another, and that impact in turn "could render any review by this Court of the decision [on the other claim]

meaningless and a waste of judicial resources," the two claims are
inextricably intertwined. Harris v. Derwinski, 1 Vet. App. 180, 183 (1991).

Gurley, 528 F.3d at 1325. Following the remand order, Mr. Gurley filed an EAJA application for attorney fees, costs, and expenses. The Veterans Court concluded that Mr. Gurley was not a prevailing party entitled to fees under EAJA because the remand order was not predicated on agency error. We affirmed, explaining that the "'sole basis' for the remand was judicial economy rather than administrative error." Id. at 1328.

Mr. Eady's case is controlled by the Gurley decision. The Veterans Court based its remand order on its conclusion that the CUE and TDIU claims, like the claims at issue in Gurley, were "inextricably intertwined" so that a decision on one claim could render a decision on the other claim moot. Furthermore, the Veterans Court expressly cited the Gurley case for the proposition that a remand would "serve[] the interest of judicial economy," and it explained that it took no position on the merits of Mr. Eady's CUE arguments or the substance of the Board's decision. We therefore agree with the Veterans Court that the sole basis for the underlying remand order was judicial economy, and not agency error.

Mr. Eady contends that because the Veterans Court characterized the Board's decision as "erroneous," the court's remand order was necessarily predicated on the recognition of agency error. The use of the word "error," however, is not talismanic. The basis for the Veterans Court's remand order was its finding that the two claims before the Board were inextricably intertwined and that addressing the two matters separately would frustrate the interest of judicial economy. That is precisely the rationale that was held not to constitute a finding of administrative error in Gurley, and it would be incongruous to reach a contrary conclusion in this case. Gurley stands for the

proposition that a remand order based on the interest of judicial economy is not a remand predicated on agency error, and that proposition applies here, notwithstanding the Veterans Court's use of the word "erroneous."

Mr. Eady attempts to distinguish Gurley on the ground that in Gurley, the DVA agreed to a joint remand, whereas in this case, the DVA opposed remand. It is true that a defendant's voluntary change in conduct is insufficient to confer prevailing party status on a plaintiff. See Buckhannon, 532 U.S. at 601. However, our conclusion in Gurley was not based on the fact that the parties had agreed to a joint remand, but rather flowed from the fact that the remand was intended to promote judicial economy by ensuring that related claims would be adjudicated together. The remand in this case was predicated on that same interest in judicial economy; for that reason, Mr. Eady does not enjoy prevailing party status. The fact that the DVA did not support the remand order does not alter that conclusion.

In support of his contention that the Veterans Court's remand order was predicated on agency error, Mr. Eady cites our decision in Kelly v. Nicholson, 463 F.3d 1349 (Fed. Cir. 2006). In that case, the veteran filed a claim for service connection. Although medical records contained two diagnoses, olivopontocerebellar atrophy ("OPCA") and ataxia, the Board considered only the OPCA diagnosis, and on the basis of that diagnosis alone concluded that his claim was not well grounded. The Veterans Court remanded the case for consideration of his ataxia-based theory. The veteran then filed a request for attorney fees. Although the Veterans Court denied the request, we reversed, holding that the remand order was predicated on agency error because

the Board had "fail[ed] to consider all evidence and material of record before deciding a material issue on the merits." Id. at 1354 n.\*\*\*; see also id. at 1353.

In this case, the Veterans Court did not find that the Board erroneously rejected Mr. Eady's claims on the merits, either by ignoring pertinent evidence or committing other legal error. Rather, the court ruled that, in order to serve the interest of judicial efficiency, the Board should have addressed both of Mr. Eady's claims at the same time because a decision on one claim could render the other claim moot. The court stated that it "takes no position on the merits of the appellant's CUE arguments, [or] the substance of the Board decision."

To be sure, after concluding that a remand was appropriate to address both of the related claims in the same proceeding, the Veterans Court commented on what it saw as the "unfortunate" procedural history of Mr. Eady's case:

> When the RO undertook the review pursuant to the settlement agreement, it concluded that it was powerless to address the merits of the appellant's argument because granting the relief sought would entail overturning a decision of the Board based upon the same facts that were before the Board. However, in the decision on appeal, the Board found that, assuming that the appellant raised a TDIU claim prior to its April 1982 decision, such a claim would not have been before the Board, but would have remained pending before the RO. The two seemingly contrary decisions leave the appellant without a forum for [the DVA] to address his TDIU arguments. Such a result cannot be correct. . . . On remand, the Board and the Secretary should do everything in their power to straighten out the procedural quagmire that this case has become so that the Court's next review of this case, if necessary, can be on the merits of the appellant's arguments.

Those comments did not reflect disagreement with the merits of the Board's ruling on the CUE claim. Rather, the problem that the Veterans Court characterized as a "quagmire" was the procedural problem that prevented Mr. Eady's TDIU claim from being heard in the first instance.

As in Gurley, the court's remand order was predicated solely on an interest in judicial economy. Its remand order was not based on the "unfortunate" procedural circumstances that led to Mr. Eady's appeal. The court addressed those circumstances in order to clarify that the DVA should take steps to ensure that Mr. Eady gets a chance to be heard on the merits of his TDIU claim. But the sole issue that was before the Veterans Court on appeal was Mr. Eady's CUE claim, and the court remanded the case because it concluded that, for reasons of efficiency, the Board should not have ruled on that CUE claim separately from Mr. Eady's related TDIU claim.

Finally, Mr. Eady asserts that under EAJA, the DVA must be correct as to both its administrative and litigation positions, and he contends that the DVA took an incorrect litigation position in this case by opposing Mr. Eady's motion to stay the proceedings before the Veterans Court and by asking the court to dismiss the case. EAJA, however, requires a party to prevail in order to receive attorney fees, and the validity of the government's position is irrelevant to the question whether a party has prevailed. In the case that Mr. Eady cites to support his "litigation position" argument, Scarborough v. Nicholson, 19 Vet. App. 253 (2005), the question whether the DVA's position was substantially justified was relevant only because it was undisputed that the remand was predicated on administrative error and thus that the plaintiff had prevailed, id. at 260. We agree with the Veterans Court that Mr. Eady was not a prevailing party entitled to attorney fees and costs under EAJA, because the remand order was not predicated on agency error.