# United States Court of Appeals for the Federal Circuit

---

**BENNIE C. ROBINSON,**
*Claimant-Appellant*

**v.**

**PETER O'ROURKE, ACTING SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2016-2110

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-619, Judge Robert N. Davis.

---

Decided: May 31, 2018

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

AARON WOODWARD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN; CHRISTOPHER O. ADELOYE, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before NEWMAN, O'MALLEY, and REYNA, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* O'MALLEY.

Opinion concurring-in-part and dissenting-in-part filed by *Circuit Judge* NEWMAN.

O'MALLEY, *Circuit Judge.*

Veteran Bennie C. Robinson appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his application for attorney fees under the Equal Access to Justice Act ("EAJA"). *See Robinson v. McDonald*, No. 14-0619 E, 2016 WL 703041 (Vet. App. Feb. 23, 2016) ("*Fees Decision*"). Robinson contends that he is entitled to fees because he prevailed before the Veterans Court when it set aside a disability rating decision of the Board of Veterans' Appeals ("Board") and remanded for the Board to consider arguments that Robinson made for the first time on appeal. *Robinson v. McDonald*, No. 14-0619, 2015 WL 2448037 (Vet. App. May 22, 2015) ("*Remand Decision*").

We hold that, because the Veterans Court's remand was not predicated on administrative error by the Board and did not materially alter the legal relationship of the parties, Robinson was not a "prevailing party" within the meaning of the EAJA, and is therefore not entitled to attorney fees. Accordingly, we affirm.

BACKGROUND

Robinson is a veteran of the United States Marine Corps and served in Vietnam from 1966 to 1969. Following his military service, Robinson began experiencing coronary problems and sought treatment at a Department of Veterans Affairs ("VA") medical facility. In February 2006, and again in November 2006, a VA cardiologist recommended that he undergo certain medical testing. The tests were not performed, however, until fourteen

months later, on April 2, 2007. They revealed that Robinson suffered from left ventricular diastolic dysfunction.

Robinson filed a claim with the VA for disability benefits for his cardiac condition. As relevant here, the VA granted Robinson a 60% disability rating effective April 2, 2007, the date he underwent cardiac testing. The Board affirmed, denying Robinson entitlement to a higher rating.

On appeal to the Veterans Court, Robinson argued for the first time—through the same counsel that represented him before the Board—that his disability rating should have been assigned an effective date in February 2006, when his doctor first ordered tests, rather than April 2007, when those tests were performed. The government opposed, arguing that Robinson did not present this argument to the Board and therefore failed to exhaust his administrative remedies with respect to that issue. The government also noted that the record was unclear as to whether the VA or Robinson caused the fourteen-month delay in scheduling the medical tests.

"[B]alancing the competing interests at stake," the Veterans Court exercised its discretion not to apply issue exhaustion, and permitted Robinson to make his belated argument. *Remand Decision*, 2015 WL 2448037, at *2 (citing *Maggitt v. West*, 202 F.3d 1370 (Fed. Cir. 2000)). The court did not identify any error committed by the Board but "set aside" its decision and remanded for it to address Robinson's argument "in the first instance and make the relevant findings of fact." *Id.* at *1–2. In so ruling, the Veterans Court stated that Robinson was "free to submit additional argument and evidence as to the

remanded matter." *Id.* at *2. The parties agree that the Veterans Court did not retain jurisdiction.[1]

Robinson thereafter filed an application for attorney fees, arguing that, because he secured remand from the Veterans Court, he was a prevailing party within the meaning of the EAJA. The court denied Robinson's application. *Fees Decision*, 2016 WL 703041, at *1. Although the court acknowledged that a remand to the Board could confer prevailing-party status in some circumstances, the court determined that its particular remand decision did not confer such status on Robinson because it "was not predicated on administrative error by the Board," and was for the sole purpose of allowing the Board to consider an issue raised for the first time on

---

[1]    On remand, the Board ultimately rejected Robinson's claim to an earlier effective date, and the Veterans Court affirmed. *See* Appellant Letter (Apr. 6, 2017), Dkt. 40-1. But, because the Veterans Court did not retain jurisdiction, the ultimate outcome of the agency proceeding is irrelevant to whether Robinson is considered a prevailing party for purposes of the EAJA. *See Former Emps. of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1366 (Fed. Cir. 2003) ("[W]here the plaintiff secures a remand requiring further agency proceedings because of alleged error by the agency, the plaintiff qualifies as a prevailing party (1) *without regard to the outcome of the agency proceedings where there has been no retention of jurisdiction by the court*, or (2) when successful in the remand proceedings where there has been a retention of jurisdiction." (emphasis added)); *see also Kelly v. Nicholson*, 463 F.3d 1349, 1354 (Fed. Cir. 2006) ("In awarding attorneys' fees and expenses under EAJA, the inquiry is whether [the veteran] was a prevailing party in his 'civil action,' not whether he ultimately prevails on his service connection claim.").

appeal. *Id.* The court therefore determined that its remand "does not, by itself, confer prevailing party status." *Id.* (citing *Gordon v. Principi*, 17 Vet. App. 221 (2003)). Robinson timely appealed that decision to this court.

## DISCUSSION

Before addressing the merits of Robinson's appeal, we first address the parties' jurisdictional dispute.

### I. Jurisdiction

"This court's jurisdiction to review decisions by the Veterans Court is limited." *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We "shall decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1); *see id.* § 7292(a); *see also Halpern v. Principi*, 384 F.3d 1297, 1300 (Fed. Cir. 2004). Absent a constitutional issue, however, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C § 7292(d)(2). Of course, "where adoption of a particular legal standard dictates the outcome of a case based on undisputed facts, we may address that issue as a question of law." *Kelly v. Nicholson*, 463 F.3d 1349, 1352–53 (Fed. Cir. 2006) (internal quotation marks omitted).

The government argues that we lack jurisdiction over this appeal insofar as it requires us to review the Veterans Court's factual determination that its remand was not predicated on administrative error. We disagree. We plainly have jurisdiction to "interpret[] . . . statutory provisions," 38 U.S.C. § 7292(d)(1), which includes the EAJA. The issue of whether the Veterans Court's remand decision was predicated on administrative error for purposes of the EAJA, moreover, is a legal issue that falls squarely within our jurisdiction. *See Thompson v. Shinseki*, 682 F.3d 1377, 1382 (Fed. Cir. 2012) ("[W]e may

address as a question of law Mr. Thompson's contention that a remand based upon *Clemons* necessarily must have been predicated on administrative error."); *Gurley v. Peake*, 528 F.3d 1322, 1326 (Fed. Cir. 2008) ("The question of whether Gurley is a prevailing party in this context is a legal question which we review de novo."); *Kelly*, 463 F.3d at 1352–53.

Thus, while we are not at liberty to review the Veterans Court's factual determinations or application of law to the facts, *Thompson*, 682 F.3d at 1382, we have jurisdiction to review the Veterans Court's interpretation of the EAJA. We turn now to the merits of Robinson's appeal.

## II. Robinson Is Not a Prevailing Party

The only substantive issue on appeal is whether the Veterans Court's remand conferred prevailing-party status on Robinson. That issue presents a question of law that we review de novo. *Davis v. Nicholson*, 475 F.3d 1360, 1363 (Fed. Cir. 2007). Robinson, as the EAJA applicant, carries the burden of proving he is a prevailing party. *Id.* at 1366.

For the reasons stated below, Robinson has not satisfied his burden, as he has not shown that the court's remand was predicated on administrative error or that it materially altered the legal relationship of the parties.

## A. Legal Principles

The EAJA is a fee-shifting statute that allows a party who prevails in a civil action brought by or against the government to recover attorney fees and costs. The statute provides that

> a court shall award to a prevailing party other than the United States fees and other expenses[] . . . incurred by that party in any civil action . . . unless the court finds that the position of

the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The "essential objective" of the EAJA is to remove deterrents "from seeking review of, or defending against, unjustified governmental action because of the expense involved." *Kelly*, 463 F.3d at 1353 (internal quotation marks omitted). This objective is particularly salient in the veterans context, "which is intended to be uniquely pro-claimant." *Id.*

By its terms, the statute applies only to a "prevailing party." 28 U.S.C. § 2412(d)(1)(A). In *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001), the Supreme Court held, in the context of interpreting a fee-shifting provision in the Fair Housing Amendments Act of 1988, that a prevailing party is one who receives "at least some relief on the merits of his claim." *Id.* at 603 (internal quotation marks omitted); *Davis*, 475 F.3d at 1363 ("A party prevails in a civil action if he receives 'at least some relief on the merits of his claim.'" (quoting *Buckhannon*, 532 U.S. at 603–04)). The Court noted, however, that not every type or quantum of relief will suffice. Instead, the Court stated that the relief requires a "material alteration of the legal relationship of the parties." *Buckhannon*, 532 U.S. at 604 (internal quotation marks omitted); *Former Emps. of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1364 (Fed. Cir. 2003). Thus, the Court noted that, while judgments on the merits and consent decrees generally confer prevailing-party status, minimal relief resembling an interlocutory ruling that reverses a dismissal for failure to state a claim generally does not. *Buckhannon*, 532 U.S. at 604–05; *Dover v. McDonald*, 818 F.3d 1316, 1318 (Fed. Cir. 2016).

Applying the rule set forth in *Buckhannon*, we have held that remand to an administrative agency for further proceedings can provide the requisite relief required to

confer prevailing-party status, but only if the remand is predicated—either explicitly or implicitly—on administrative error.[2] *See, e.g.*, *Ward v. U.S. Postal Serv.*, 672 F.3d 1294, 1299 (Fed. Cir. 2012) (per curiam) ("[W]e have held that remands not rooted in agency error do not result in prevailing party status."); *Gurley*, 528 F.3d at 1327 ("[T]he remand must be based on an administrative error in order for the appellant to qualify as a prevailing party."); *Davis*, 475 F.3d at 1364 ("In order for Davis to prevail on this argument, we must conclude that the Remand Order was either explicitly or implicitly predicated on administrative error."); *Eady v. Shinseki*, 321 F. App'x 971, 974 (Fed. Cir. 2009) (per curiam) ("In order for the party to be considered 'prevailing,' the remand order must have been either explicitly or implicitly predicated on administrative error." (internal quotation marks omitted)).

We have stated, moreover, that, "[w]here there has been a remand to an administrative agency *without* a judicial finding of administrative error or a concession of such error by the agency, the default rule is that the remand is *not* based on administrative error for EAJA purposes." *Davis*, 475 F.3d at 1366 (emphases added). "This default rule places the burden on the EAJA applicant to prove, based on the record, that the remand had to have been predicated on administrative error even though the remand order does not say so." *Id.*

---

[2]    Although remand to a federal district court for further proceedings is not typically considered relief on the merits, remand to an administrative agency is unique because "[a]n appeal of an agency decision is treated as a separate proceeding from the administrative proceeding" itself. *Dover*, 818 F.3d at 1319 (internal quotation marks omitted).

While briefing in this appeal was pending, the Supreme Court issued a decision clarifying *Buckhannon*'s rule. In *CRST Van Expedited, Inc. v. Equal Employment Opportunity Commission*, 136 S. Ct. 1642 (2016), the Court addressed a fee-shifting provision in Title VII of the Civil Rights Act of 1964 and held that "a defendant need not obtain a favorable judgment on the merits in order to be a 'prevailing party.'" *Id.* at 1651. The Court reiterated that the "touchstone" of the prevailing-party inquiry is whether there has been a "material alteration of the legal relationship of the parties." *Id.* at 1646 (internal quotation marks omitted). This alteration, the Court stated, "must be marked by 'judicial *imprimatur*.'" *Id.* (quoting *Buckhannon*, 532 U.S. at 605). In so holding, the Court noted that a defendant "may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason" because the defendant fulfills its "primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision." *Id.* at 1651.

Although we have not yet applied *CRST*'s guidance in the EAJA context, we have applied that guidance in the patent context. In *Raniere v. Microsoft Corp.*, 887 F.3d 1298 (Fed. Cir. 2018), we held that a district court's dismissal of the patentee's infringement suit, with prejudice, for lack of standing conferred prevailing-party status on the defendants under 35 U.S.C. § 285. *Id.* at 1303–09. In that context, we explained that, although a judgment on the merits is *sufficient* to confer prevailing-party status, it is not *necessary*. *Id.* at 1306–07 (citing *CRST*, 136 S. Ct. at 1646, 1651).

We noted, moreover, that the phrase "prevailing party" in the Patent Act's fee-shifting provision should be interpreted consistently with the Court's interpretation in *CRST*, notwithstanding that the Court was interpreting a different statute in that case. *Id.* at 1305. Indeed, the Supreme Court stated in *CRST* that "Congress has in-

cluded the term 'prevailing party' in various fee-shifting statutes, and it has been the Court's approach to interpret the term in a consistent manner" across those statutes. *CRST*, 136 S. Ct. at 1646 (citing *Buckhannon*, 532 U.S. at 602–03 & n.4); *see Buckhannon*, 532 U.S. at 602 ("Congress[] . . . has authorized the award of attorney's fees to the 'prevailing party' in numerous statutes in addition to those at issue here[] . . . ."); *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983) (holding that interpretation of "prevailing party" in a case involving the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, is "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party'"); *see also Raniere*, 887 F.3d at 1306 ("We hold *CRST* applies to our analysis of prevailing-party status under § 285, and that defendants need not prevail on the merits to be classified as a 'prevailing party.'"); *Wood v. Burwell*, 837 F.3d 969, 973 (9th Cir. 2016) (applying *CRST* to EAJA fee shifting).

Neither *CRST* nor *Raniere*, however, dealt with remand to an agency as a basis for finding prevailing-party status, as here. Both cases, moreover, involved *defendants*—rather than plaintiffs—who purported to have prevailed. In *CRST*, the Court noted the asymmetry in the parties' litigation objectives, which affects the showing that each party must make to achieve prevailing-party status. Whereas a plaintiff "seeks a material alteration in the legal relationship between the parties" and prevails only when it effects such an alteration in the first instance, the defendant merely "seeks to prevent this alteration" and therefore prevails "whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision." *CRST*, 136 S. Ct. at 1651.

For these reasons, it is unclear whether, in the wake of *CRST*, we must reconsider or clarify our precedent requiring administrative error in cases of remand for further agency proceedings. We need not resolve that

issue here, however.[3]  Robinson is not a prevailing party under either our precedent or the guidance set forth in *CRST*.  As explained in more detail below, the Veterans Court's decision in this case was not predicated on administrative error, and it likewise did not materially alter the legal relationship of the parties as contemplated by *CRST*.

### B.  The Veterans Court's Remand Decision Is Not Predicated on Administrative Error

The remand at issue was not predicated on administrative error.  The Veterans Court did not address the merits of Robinson's appeal, much less identify any error committed by the Board below.  Nor could it, as Robinson did not argue that he was entitled to an earlier effective date before the Board.  Instead, the Veterans Court considered Robinson's belated argument, and remanded for the Board to make factual findings related to that issue in the first instance.  In other words, the remand required the Board to consider an argument that it could

---

[3]    We note, however, that our "administrative error" precedent likely is not inconsistent with *CRST*.  Even under our current precedent, prevailing-party status may be conferred on a claimant who has secured remand where the agency erred on procedural or jurisdictional grounds, and not just substantive grounds.  *See Dover*, 818 F.3d at 1319–20 (finding that the claimant was a prevailing party where "the Veterans Court vacated on procedural grounds" and remanded to "clear[] a procedural hurdle (i.e., an adverse ruling on the merits with prejudice) so that [she] could pursue additional proceedings on the merits"); *see also Wood*, 837 F.3d at 971–75 (finding plaintiffs to be prevailing parties based on remand to agency predicated on a violation of the Administrative Procedure Act, and plaintiffs challenged the agency determination on that ground).

not have considered previously, through no fault of its own.

That the Veterans Court "set aside" the Board's rating decision does not compel a different conclusion. This "set aside" language cannot fairly be read to suggest that the court passed judgment on the Board's decision. *See Eady*, 321 F. App'x at 975 (rejecting the argument that, "because the Veterans Court characterized the Board's decision as 'erroneous,' the court's remand order was necessarily predicated on the recognition of agency error"). Instead, it reflects the fact that vacatur was required to allow the Board to make factual findings that the Veterans Court, as an appellate tribunal, could not itself make in the first instance. *See Deloach v. Shinseki*, 704 F.3d 1370, 1380 (Fed. Cir. 2013) ("The Court of Appeals for Veterans Claims, as part of its clear error review, must *review* the Board's weighing of the evidence; it may not weigh any evidence itself. As we have recognized, the statute prohibits the court from making factual findings in the first instance." (citing *Andre v. Principi*, 301 F.3d 1354, 1362 (Fed. Cir. 2002)).

Nor could the Veterans Court's remand decision be read to *implicitly* identify error by the Board. As a general matter, "the Veterans Court has authority to remand cases to the Board for further proceedings for further consideration of legal issues or for clarification of facts underlying a legal issue," and administrative error therefore cannot be inferred from remand, generally. *Davis*, 475 F.3d at 1364. Further, in concluding that remand was appropriate here, the Veterans Court decided not to apply issue exhaustion, which, we have emphasized, "is generally a matter of judicial discretion." *Bozeman v. McDonald*, 814 F.3d 1354, 1357 (Fed. Cir. 2016); *Maggitt*, 202 F.3d at 1377 ("While the Veterans Court may hear legal arguments raised for the first time with regard to a claim that is properly before the court, it is not compelled to do so in every instance."). And, as the Veterans Court

noted, that discretion involves "balancing the competing interests at stake," including the interest in "promoting judicial efficiency." *Remand Decision*, 2015 WL 2448037, at *2. A remand order based on the interest of judicial economy is not a remand predicated on agency error. *Gurley*, 528 F.3d at 1328; *Eady*, 321 F. App'x at 975.

Our decision in *Davis* is instructive. There, the Veterans Court vacated the Board's decision and remanded for the Board to make factual findings related to a VA regulation that it had previously overlooked. 475 F.3d at 1362. The Veterans Court thereafter denied the veteran's fee application, holding that the veteran was not a prevailing party. *Id.* at 1363. We affirmed, ruling that the veteran "failed to prove that the remand was based on administrative agency error," in part because the remand merely afforded the veteran the opportunity to litigate again, and "in no way materially altered his legal relationship with the VA as to the claimed . . . benefits." *Id.* at 1366. We noted that the Veteran Court's remand decision did "not state that the remand [was] predicated on agency error," and similarly did "not state that the Board had failed to apply or had improperly applied" the regulation in its underlying merits decision. *Id.* at 1364. Instead, the remand decision permitted additional fact-finding "and allow[ed] the parties to submit additional evidence." *Id.*

Here, as in *Davis*, the Veterans Court did not make a finding of administrative error, nor can such error fairly be inferred from the court's exercise of its discretion in remanding to the Board to consider Robinson's new legal argument. Instead, like in *Davis*, the court merely allowed Robinson to submit additional evidence to the Board in support of its new argument. *See id.* at 1364; *see also Vaughn v. Principi*, 336 F.3d 1351, 1355–57 (Fed. Cir. 2003) (holding that remand to consider new evidence does not confer prevailing-party status); *Yates v. Nicholson*, 140 F. App'x 954, 954 (Fed. Cir. 2005) (granting

motion for summary affirmance of a Veterans Court decision finding that the veteran was not a prevailing party, where the court exercised its discretion to allow the veteran "the opportunity to raise a new argument before the Board"); *Gordon v. Principi*, 17 Vet. App. 221, 224 (2003) ("Because the Court found no error on this point but, rather, remanded the matter for the Board to consider the issue raised for the first time on appeal, such a . . . remand does not, by itself, confer prevailing-party status on the appellant.").

Robinson nevertheless argues that the Veterans Court implicitly recognized administrative error based on the Board's failure to consider and address in its decision all potentially applicable provisions of law and regulation. Appellant Br. 4–5. In particular, Robinson argues that, by statute, the effective date of an award must be "fixed in accordance with the facts found." 38 U.S.C. § 5110(a). Further, by regulation and agency directive, patients "have a right to receive[] . . . prompt and appropriate treatment for any physical or emotional disability." 38 C.F.R. § 17.33(a)(2); Veterans Health Administration Directive 2006-041 (June 27, 2006). Robinson appears to argue from these provisions that the Board should have inferred from the available facts that the VA, rather than Robinson, caused the fourteen-month delay and should have *sua sponte* determined that the effective date of Robinson's disability rating was February 2006 rather than April 2007. Having failed to do that, Robinson asserts, the Board did not base its decision "upon consideration of all evidence and material of record and applicable provisions of law and regulation," as required by statute. *See* 38 U.S.C. § 7104(a). Robinson argues that the Veterans Court implicitly recognized this failure. We disagree.

The Board's decision was based on the available medical evidence in the record—namely, the April 2007 test results, which demonstrated that Robinson's disability

had worsened. And, the only relevant dispute before the Board with respect to Robinson's rating was whether he was entitled to a rating "in excess of 60 percent for the period from April 2, 2007, forward." J.A. 31. The Board resolved the issue regarding the *magnitude* of the rating, but had no need to address the underlying *date* for that rating. Thus, the Veterans Court would have had no basis to find that the Board's decision was not rooted in "all evidence and material of record and applicable provisions of law and regulation," as required by statute.[4]

This case, therefore, is unlike the cases on which the dissent and Robinson rely. In *Kelly*, for example, the Board received medical information regarding two separate diagnoses. 463 F.3d at 1353. The Board considered only one of those diagnoses, however, in denying the veteran's service connection claim. *Id.* The Veterans Court remanded the case for the Board to consider the second diagnosis, and we concluded that the remand was based on administrative error because the Board had not considered all evidence and material of record before making its decision on the merits. *Id.* at 1354. We noted that the veteran did not bring separate claims for his two

---

[4] The Board also granted disability compensation for vertigo with dizziness and chronic imbalance, and denied an initial disability rating greater than 10% for Robinson's cardiac disability from May 1, 2003, to April 1, 2007. But, because Robinson failed to challenge those determinations before the Veterans Court, the court did not address them. *Remand Decision*, 2015 WL 2448037, at *1 n.1. The court therefore could not have found administrative error with respect to the Board's decision on this score. Thus, to the extent that Robinson now argues that the *effective date* of his 60% rating is tied to the *magnitude* of his 10% disability rating, that argument is also unavailing.

diagnoses, but rather brought a single service connection claim that was supported by both diagnoses. *Id.* at 1353. Here, by contrast, the effective date issue was not one that Robinson raised before the Board. The Board, therefore, did not err because it considered all the evidence and the applicable laws and regulations when making its decision on the issues that were properly before it.

Additionally, in *Former Employees of Motorola Ceramic Products* and *Dover*, the agencies *conceded* error, and there could thus be no doubt that the remand decisions in those cases were predicated on such error. *See Motorola*, 336 F.3d at 1362 (vacating finding that appellants were not prevailing parties where the government consented to remand to the Department of Labor, and "[t]he parties thus agreed that the Department had erred in its action on the applications"); *Dover*, 818 F.3d at 1319 ("Here, the parties agree that the remand was necessitated by agency error, and the remanding court did not retain jurisdiction. The disputed issue is only whether the remand calls for further agency proceedings . . . ."). The VA made no such concession here.[5]

---

[5]    In a May 21, 2018 letter to this court, Robinson identified a recent Veterans Court decision conferring prevailing-party status on a veteran who, based on factual information he provided for the first time on appeal to the Veterans Court, secured remand for the Board to consider evidence regarding medical records that the VA was required to obtain. *See Blue v. Wilkie*, No. 15-1884(E), 2018 WL 2230562, at *1–2, *6–8 (Vet. App. May 16, 2018). Having considered Robinson's submission, we find that the facts in that case are materially distinguishable from those here. We note, moreover, that the Veterans Court was careful to confine its holding in that case to "the unique circumstances presented," and emphasized that its opinion "is not intended to suggest that every

The Veterans Court's exercise of its discretion in this case is therefore not a tacit acknowledgement of error by the Board.

### C.  The Veterans Court's Remand Decision Did Not Materially Alter the Legal Relationship Between the Parties

The Veterans Court's remand decision also did not materially alter the legal relationship between the parties in the manner contemplated by *CRST*.  While it is true that Robinson received additional consideration with respect to his objection to the Board's effective date determination upon remand, that relief was not predicated on an allegation that the Board had acted improperly.  And, as described above, the Veterans Court did not agree—and indeed, could not have agreed—with such an allegation.  Even if the Veterans Court's remand decision compelled the Board to consider new evidence and arguments on remand, the decision did not *materially* alter the relationship between the parties.  Instead, it merely afforded Robinson an opportunity to have his otherwise waived claims considered by the Board.

In sum, the remand reflects the Veterans Court's discretionary decision to allow a waived argument to proceed.  It is simply not the type of judicially sanctioned change in the legal relationship of the parties that was contemplated in *CRST*.  *Compare Raniere*, 887 F.3d at 1307 (finding that the district court's dismissal with prejudice for lack of standing afforded the defendants "all relief to which they were entitled" and therefore materially altered the legal relationship between the parties), *with E. Iowa Plastics, Inc. v. PI, Inc.*, 832 F.3d 899, 906–07 (8th Cir. 2016) (applying *CRST* in the trademark context

---

remand could or should be found to entail implicit error." *Id.* at *8.

and concluding that "there is no such alteration where, as here, the district court essentially restored the status quo ante" (internal quotation marks omitted)).

We do not suggest that a remand predicated on a tribunal's exercise of discretion can *never* confer prevailing-party status. We hold only that the particular remand at issue here does not confer such status on Robinson.

\* \* \*

Robinson's position in this appeal would reward a claimant for raising an argument for the first time at the Veterans Court. Such a result is illogical and contrary to fundamental principles of orderly procedure and good administration. While "[w]e recognize that EAJA is an important component of the framework within which veterans may seek benefits," *Thompson*, 682 F.3d at 1382, we do not interpret the statute in a manner that incentivizes claimants to withhold arguments before the Board, or, alternatively, that requires the Board or Veterans Court to *sua sponte* search for and address issues that may be lurking in the record but that have not been briefed.

It is one thing for the Veterans Court to exercise its discretion to overlook waiver and issue exhaustion in order to permit a veteran to press a late-raised argument. It is quite another for us to require the Veterans Court to confer prevailing-party status whenever it exercises such discretion.

CONCLUSION

We have considered Robinson's additional arguments and find them unpersuasive. For the reasons stated above, we affirm the Veterans Court's decision denying Robinson's application for attorney fees.

**AFFIRMED**

## Costs

No costs.

# United States Court of Appeals
# for the Federal Circuit

_____

**BENNIE C. ROBINSON,**
*Claimant-Appellant*

**v.**

**PETER O'ROURKE, ACTNIG SECRETARY OF
VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2016-2110

_____

Appeal from the United States Court of Appeals for
Veterans Claims in No. 14-619, Judge Robert N. Davis.

_____

NEWMAN, *Circuit Judge*, concurring-in-part, dissenting-
in-part.

I concur that this court has jurisdiction over this appeal, in which veteran Bennie Robinson requests attorney fees under the Equal Access to Justice Act (EAJA). However, I respectfully dissent from the ruling that Mr. Robinson is not entitled to attorney fees for the appeal in which the Veterans Court remanded to the Board of Veterans Appeals (BVA) for review of an effective date for his staged disability rating. The BVA is asked to consider whether the inordinate delay in fulfilling the VA cardiologist's testing order affects the effective date of his 60% disability rating. On these premises, I believe that Mr.

Robinson meets the requirements for EAJA fees for that proceeding.

The EAJA provides:

> 28 U.S.C. § 2412(d)(1)(A).    Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Also relevant is the VA regulation for "prompt and appropriate treatment:"

> 38 C.F.R. § 17.33(a)(2).    Patients have a right to receive, to the extent of eligibility therefor under the law, prompt and appropriate treatment for any physical or emotional disability.

*and* "Veterans Health Care Service Standards," VHA Directive 2006-041 (June 27, 2006), stating that the VA shall provide "timely and convenient access to health care," and that:

> (6) Patients must be able to schedule an appointment for a routine diagnostic test within 30 days of referral.

In addition, legislation implements the policy of assuring adequate attention to veterans' concerns:

> 38 U.S.C. § 5107(b) Benefit of the doubt.-- The Secretary shall consider all information and lay and medical evidence of record in a case before the

Secretary with respect to benefits under laws administered by the Secretary. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant.

As stated in *Hodge v. West*, 155 F.3d 1356, 1362 (Fed. Cir. 1998), VA proceedings operate within a "strongly and uniquely pro-claimant" system.

## DISCUSSION

Mr. Robinson, a veteran of Vietnam, consulted a VA cardiologist on February 23, 2006, and the cardiologist issued an order for certain coronary tests. The tests were not performed. Mr. Robinson again consulted a VA cardiologist on November 27, 2006. Tests were again ordered. The tests were eventually performed on April 2, 2007. After various proceedings in the Regional Office and the BVA, the BVA issued a Ruling dated November 21, 2013, establishing *inter alia* a 60% disability rating effective April 2, 2007.

Mr. Robinson's position is that the 60% rating should run from the date the coronary tests were first ordered, not the date they were performed. The BVA decision did not mention an issue of effective date. Mr. Robinson appealed the effective date to the Veterans Court; and that court remanded to the BVA to reconsider the effective date. The Veterans Court denied Mr. Robinson's request for EAJA attorney fees for that proceeding.

Mr. Robinson does not appeal the 60% rating. His appeal was on the sole ground that in view of the delay in conducting the tests, the effective date should be February 23, 2006, when the tests were first ordered. My colleagues now hold that attorney fees are not available, on the ground that because Mr. Robinson did not present an argument to the BVA concerning the effective date, he

cannot obtain attorney fees for his action in the Veterans Court.

This holding, and its premises, are contrary to the weight of authority, for several reasons:

In interpreting the "prevailing party" provision of the EAJA, precedent mentions the role of "administrative error" in agency remands. In *Thompson v. Shinseki*, 682 F.3d 1377 (Fed. Cir. 2012), this court held that if the remand "necessarily implied that the Board failed to fulfill its obligations in the first instance," then this is "administrative error" and entitles the veteran to "prevailing party status." *Id.* at 1382. Failure to consider the 14-month delay was surely administrative error, for statute and regulation require that all factors be considered. *See Kelly v. Nicholson*, 463 F.3d 1349, 1354–55 (Fed. Cir. 2006) (awarding EAJA attorney fees for remand from the Veterans Court to the BVA, predicated on the VA's obligation to consider all evidence of record, 38 U.S.C. § 5107(b)). Subsection 5107(b) "applies not only to decisions relating to the overall merits of a claim, but by its plain language it applies to all decisions determining any material issue relating to the claim." *Id.* The effective date for Mr. Robinson's 60% disability rating, as affected by the exceptional delay in testing, was surely a material issue relating to his claim.

However, the BVA did not mention the 14-month delay in its decision. "Because of the paternalistic nature of the proceedings, the [BVA], like the [Regional Office], is required to fully and sympathetically develop the veteran's claim to its optimum before deciding it on the merits." *Comer v. Peake*, 552 F.3d 1362, 1368 (Fed. Cir. 2009) (quoting *McGee v. Peake*, 511 F.3d 1352, 1357 (Fed. Cir. 2008) (internal quotation marks omitted)). This development is now consigned to the BVA on remand; it could not have occurred but for this remand.

The majority nonetheless holds that since the effective date was not placed at issue by Mr. Robinson in the prior BVA proceeding, he cannot receive attorney fees for his Veterans Court appeal by which he now will obtain consideration of the effective date by the BVA on remand. The panel majority errs in requiring that Mr. Robinson should have argued the effective date in the prior BVA proceeding. The Court has admonished that veterans' proceedings before the Regional Office and the BVA should be "as informal and nonadversarial as possible." *Walters v. Nat'l Ass'n of Radiation Survivors*, 473 U.S. 305, 323–24 (1985). "The government's interest in veterans cases is not that it shall win, but rather that justice shall be done, that all veterans so entitled receive the benefits due to them." *Barrett v. Nicholson*, 466 F.3d 1038, 1044 (Fed. Cir. 2006).

The judicial obligation is to assure that the veteran has a reasonable opportunity to obtain the benefits to which he is entitled, an obligation that required Mr. Robinson to take an appeal to the Veterans Court in order to obtain consideration by the BVA of the effective date. When the veteran has no recourse but through the courts, "EAJA is a vital complement to this system designed to aid veterans, because it helps to ensure that they will seek an appeal when the VA has failed in its duty to aid them or has otherwise erroneously denied them the benefits that they have earned." *Thompson*, 682 F.3d at 1380–81 (quoting *Kelly*, 463 F.3d at 1353).

A remand can constitute relief sufficient to support the award of EAJA fees. The Veterans Court's remand to the BVA, with instructions to review the effective date, is the partial relief on the merits that precedent illustrates in connection with the EAJA. Remand was the only path by which Mr. Robinson could obtain the review that the BVA had not conducted. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001) (for EAJA purposes, the veteran

must have obtained "some relief on the merits"). Total success is not required. *Shalala v. Schaefer,* 509 U.S. 292, 298–99 (1993) (holding that claimant was a "prevailing party" for the purposes of the EAJA because "the plaintiff has succeeded on a [ ] significant issue in litigation which achieved some of the benefit sought in bringing suit"). *See* Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2667 at 212 ("[A] claimant who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all of his claims."); *see id.* at 212 n.16 (collecting cases).

Precedent has considered the effect of remand orders in connection with various government agencies, stating that "[s]ecuring a remand to an agency can constitute the requisite success on the merits." *Kelly*, 463 F.3d at 1353; *see Ward v. U.S. Postal Serv.*, 672 F.3d 1294, 1300 (Fed. Cir. 2012) (remanding for an agency to apply precedent to the evidence is a remand "clearly caused by administrative error" sufficient for prevailing party status under the EAJA). Here there was no retention of jurisdiction by the Veterans Court. *See Former Emps. of Motorola Ceramic Prods. v. United States,* 336 F.3d 1360, 1366 (Fed. Cir. 2003) ("[W]here the plaintiff secures a remand requiring further agency proceedings because of alleged error by the agency, the plaintiff qualifies as a prevailing party (1) without regard to the outcome of the agency proceedings where there has been no retention of jurisdiction by the court, or (2) when successful in the remand proceedings where there has been a retention of jurisdiction."). Thus the outcome on the remand is irrelevant to Mr. Robinson's prevailing party status in the Veterans Court proceeding that led to the remand.

To be sure, not every remand constitutes "some relief on the merits." *See Vaughn v. Principi*, 336 F.3d 1351, 1357 (Fed. Cir. 2003) ("Minimal relief resembling an interlocutory ruling that reverses a dismissal for failure to state a claim or a reversal of a directed verdict will not

satisfy the statutory requirements to achieve prevailing party status." (quoting *Hewitt v. Helms*, 482 U.S. 755, 760 (1987) and *Hanrahan v. Hampton*, 446 U.S. 754 (1980) (internal quotation marks omitted)).

My colleagues rely on *Davis*, 475 F.3d at 1364, for its statement that "remands for the consideration of new evidence discovered for the first time during appeal and remands to consider the effects of intervening new law do not qualify plaintiffs as prevailing parties." (internal citations and footnote omitted). Here the delay in testing was not new evidence; the delay was not discovered for the first time during appeal; the delay was in the record before the Regional Office and the BVA.

In *Kelly*, 463 F.3d at 1351–53 & n.3, this court held that attorney fees are properly awarded for remand to the BVA to consider all of the medical records related to Kelly's claim; we explained that it was administrative error for failure to consider "all evidence and material of record." *Id.* at 1354–55. Yet the VA did not consider or discuss the delay in testing that was in the evidence before it, necessitating this remand.

The VA suggests that even if the BVA selected the wrong effective date or failed to consider all of the evidence, Mr. Robinson caused the error because he did not raise the issue in the proceeding before the BVA.[1] VA Br. at 17–18. However, BVA error need not be foreseen, particularly when the critical issues in the BVA were service connection and the percentage disability rating. There is cogent support for Mr. Robinson's argument that

---

[1] Although the VA also argues that the BVA selected the correct effective date, VA Br. at 17–18, that question is not before us; the only question is whether the remand meets the EAJA criteria for attorney fees.

a claimant need not remind the agency of the law that binds it, in order for the agency to fulfill its obligations under the law.

The VA does not dispute that the BVA had Mr. Robinson's medical records, and that the records showed the cardiologists' reports and orders and the date when the medical tests were performed. Surely the BVA should have recognized the 14-month delay, for the statute requires that the BVA consider the entire record:

> 38 U.S.C § 7104(a). Decisions of the Board shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record and applicable provisions of law and regulation.

The VA acknowledges that "[t]his Court has recognized that 'remands based on [ ] recognition of agency error from the record do confer prevailing party status.'" VA Br. at 13 (quoting *Davis*, 475 F.3d at 1364). The VA argues that since the Veterans Court did not explicitly find administrative error, the remand cannot be deemed to have been based on administrative error. However, the cases cited by the majority do not serve the situation herein, where the evidence of delay was indisputably in the record.

This is not a case of new or even of obscure evidence. It is not controlling that the Veterans Court did not state that the BVA committed error, for "remands based on our recognition of agency error from the record do confer prevailing party status." *Davis*, 475 F.3d at 1364 (citing *Kelly*, 463 F.3d at 1354 n.3). There is no contrary authority.

No authority supports the majority's application of EAJA principles. In *Davis* this court stated: "In *Kelly*, the agency error, although not explicitly stated in the ataxia remand order, was nevertheless clear from the record,

namely that the [VA] had ignored evidence before it of Kelly's ataxia disorder in the service connection analysis." *Davis*, 475 F.3d at 1365. Here, evidence of the 14-month delay was before the Regional Office and the BVA, but was not mentioned in the BVA's decision regarding the effective date for the 60% disability rating. This flaw cannot be attributed to Mr. Robinson; the VA has a duty to consider all the evidence and fully develop a veteran's claim. The VA failed to do so here.

I remark on my colleagues' curious concern that a ruling in Mr. Robinson's favor would incentivize veterans "to withhold arguments before the Board" and then spring their withheld arguments on the Veterans Court. Maj. Op. at 18. I cannot imagine that a veteran would deliberately withhold a winning argument from the BVA, in order to engage in such a dubious scheme.

\* \* \*

The consequences of delay in veterans' claims have long been recognized, starting with the American Revolution, the subject of *Hayburn's Case*, 2 U.S. (2 Dall.) 409, 410 n.1 (1792) ("[M]any unfortunate and meritorious individuals, whom congress have justly thought proper objects of immediate relief, may suffer great distress, even by a short delay, and may be utterly ruined, by a long one."). Recovery of attorney fees is not a "reward," Maj. Op. at 18, it is small recompense for the veteran's need to litigate his statutory rights.

On the relevant statutes, regulations, and precedent, I conclude that Mr. Robinson is entitled to the EAJA attorney fees incurred for the remand proceeding in the Veterans Court, whether or not he ultimately succeeds on the merits. From my colleagues' contrary ruling, I respectfully dissent.