﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/19 Archive Date: 12/30/19

DOCKET NO. 190102-45446
DATE: December 31, 2019

ORDER

Entitlement to an effective date of June 24, 2016 is granted for the assignment of a 20 percent rating for right leg sciatica and external popliteal (common peroneal) nerve, subject to the laws and regulations governing the award of monetary benefits.

Entitlement to an effective date of June 24, 2016 is granted for the assignment of a 20 percent rating for left leg sciatica and external popliteal (common peroneal) nerve, subject to the laws and regulations governing the award of monetary benefits.

FINDINGS OF FACT

1. On July 5, 2016 the Veteran filed a claim for an increased rating for right leg sciatica and external popliteal nerve.

2. On July 5, 2016 the Veteran filed a claim for an increased rating for left leg sciatica and external popliteal nerve.

3. It is factually ascertainable that an increase in the right leg sciatica and external popliteal nerve occurred on June 24, 2016. 

4. It is factually ascertainable that an increase in the left leg sciatica and external popliteal nerve occurred on June 24, 2016. 

CONCLUSIONS OF LAW

1. The criteria for an effective date of June 24, 2016 for the assignment of a 20 percent rating for the service-connected right leg sciatica and external popliteal nerve have been met. 38 U.S.C. §§ 5107(b), 5110; 38 C.F.R. § 3.400. 

2. The criteria for an effective date of June 24, 2016 for the assignment of a 20 percent rating for the service-connected left leg sciatica and external popliteal nerve have been met. 38 U.S.C. §§ 5107(b), 5110; 38 C.F.R. § 3.400. 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from January 1965 to December 1966.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran opted into RAMP on July 13, 2018 and selected the Higher-Level Review lane. On November 1, 2018 the Agency of Original Jurisdiction (AOJ) completed its Higher-Level Review based on the evidence of record up to July 13, 2018 and issued an unfavorable decision. The Veteran timely appealed this decision to the Board by requesting the AMA direct review lane. 

Issues 1-2: Entitlement to an effective date earlier than July 5, 2016 for the increased evaluation of 20 percent for right and left leg sciatica and external popliteal (common peroneal) nerve.

Effective March 24, 2015, VA amended its regulations to require that all claims governed by VA’s adjudication regulations be filed on a standard form. The amendments also, inter alia, eliminate the constructive receipt of VA reports of hospitalization or examination and other medical records as informal claims to reopen. See 79 Fed. Reg. 57,660 (Sept. 25, 2014), codified as amended at 38 C.F.R. §§ 3.151, 3.155. The amended regulations apply only to claims filed on or after March 24, 2015. In the instant case, the Veteran’s claim for higher ratings for right and left leg sciatica and external popliteal (common peroneal) nerve was received on July 5, 2016, thus the current regulations apply.

The procedural history shows that in a November 2016 rating decision the Regional Office (RO) granted a 20 percent rating for peripheral neuropathy of the right lower extremity and left lower extremity (sciatica and external popliteal nerve) effective July 5, 2016. In December 2016, the Veteran requested reconsideration of the effective date assigned for the 20 percent rating for both lower extremities. In a January 2017 letter the RO advised the Veteran that his claim for an earlier effective date could not be accepted as a stand-alone claim and advised the Veteran that he may request revision based on clear and unmistakable error (CUE) with respect to the assignment of the effective date, which he did in April 2017. In a May 2017 rating decision, the RO determined that CUE did not exist in the November 2016 rating decision as to the effective dates assigned for the 20 percent rating for both lower extremities. In June 2017, the Veteran filed a notice of disagreement for an earlier effective date for a 20 percent rating for peripheral neuropathy in both lower extremities, which is also timely as to the November 2016 rating decision. The Board points out that the June 2017 notice of disagreement also preserved the non-final nature of the November 2016 rating decision. 

The United States Court of Appeals for Veterans Claims (Court) in Young v. Wilkie, 31 Vet. App. 51 (2019) held that the RO may properly revise a rating decision on the basis of CUE under § 3.105(a), even one in appellate status. The Court cited to Murphy v. Shinseki, 26 Vet. App. 510, 514 n.2 (2014) in holding that a “final and binding” decision in appellate status is subject to sua sponte VA revision on the basis of clear and unmistakable error. Young at 55. However, the Court further cited to Gomez v. McDonald, 28 Vet. App. 39, 43 n.1 (2015) in holding that claimants may not collaterally attack rating decisions until they become appealable and that it made no sense for claimants to challenge a decision on the basis of clear and unmistakable error when they still have recourse to direct review, which has a less demanding standard to show error. Young at 56. 

In the instant case the AOJ did not sua sponte seek revision of a final and binding rating decision in appellate status. Instead, the AOJ erroneously provided the Veteran with the option to collaterally challenge a non-final rating decision on the basis of CUE. The AOJ incorrectly advised the Veteran in January 2017 to file CUE claims. While the AOJ in the November 2018 Higher-Level Review decision decided the claims on the basis of CUE the AOJ also decided the claims on the basis of non-CUE by determining that the evidence of record did not clearly and factually show that the right and left leg sciatica and external popliteal (common peroneal) nerve warranted an earlier effective date for the 20 percent rating. For the reasons discussed above the Board may not address the claims on the basis of CUE and will proceed on the non-CUE basis to address the Veteran’s claims for earlier effective dates for the 20 percent rating in both lower extremities. 

Specific to claims for increased disability compensation, the effective date will be the earliest date as of which it is factually ascertainable that an increase in disability has occurred, if a claim is received by VA within one year after that date. Otherwise the effective date will be the date of receipt of claim or date entitlement arose, whichever is later. 38 U.S.C. § 5110(b); 38 C.F.R. § 3.400(o)(2). 

Service connection for peripheral neuropathy of both legs was granted in a June 2015 rating decision; the Veteran did not appeal that rating action as to the ratings assigned the peripheral neuropathy. He thereafter first filed a claim seeking an increased rating for the peripheral neuropathy of each extremity on July 5, 2016. He was thereafter awarded a 20 percent rating for the peripheral neuropathy of the right leg, and a 20 percent rating for peripheral neuropathy of the left leg.

The Veteran contends that the effective date of his 20 percent ratings for peripheral neuropathy in both lower extremities should June 24, 2016 based on the June 24, 2016 VA treatment record whereby the examiner opined that his disability increased in severity. See June 2017 notice of disagreement. 

His service-connected right and left leg sciatica and external popliteal (common peroneal) nerve are rated under Diagnostic Code 8520. Under Diagnostic Code 8520 complete paralysis of the sciatic nerve is demonstrated when the foot dangles and drops, when there is no active movement possible of the muscles below the knee, and flexion of the knee is weakened or (very rarely) lost. This is evaluated as 80 percent disabling. Severe incomplete paralysis, with marked muscular atrophy, is evaluated as 60 percent disabling. Moderately severe paralysis is evaluated as 40 percent disabling. Moderate paralysis merits a 20 percent evaluation, and mild paralysis warrants a 10 percent rating. 38 C.F.R. § 4.124a Diagnostic Code 8520.

The term “incomplete paralysis,” with this and other peripheral nerve injuries, indicates a degree of lost or impaired function substantially less than the type picture for complete paralysis given with each nerve, whether due to varied level of the nerve lesion or to partial regeneration. When the involvement is wholly sensory, the rating should be for the mild, or at most, the moderate degree. The ratings for the peripheral nerves are for unilateral involvement; when bilateral, combine with application of the bilateral factor. 38 C.F.R. § 4.124a.

The Board observes that the words “mild,” “moderate,” and “severe” as used in the various codes are not defined in the VA Schedule for Rating Disabilities. Rather than applying a mechanical formula, the Board must evaluate all of the evidence, to the end that its decisions are “equitable and just.” 38 C.F.R. § 4.6.

VA treatment records on June 24, 2016, show that the examiner provided an assessment of sciatic damage, lumbar pain. The examiner noted that the Veteran had increasing problems of pain and pain control. The examiner determined that the Veteran had limited ambulation and his disabilities should be increased due to the progression of the problems. The examiner also noted that the Veteran’s medications have been increased and that he should continue with the current pain medications. These findings are consistent with the findings on the August 2016 VA peripheral neuropathy examination whereby the examiner noted that the Veteran’s disabilities have gotten worse, the sciatic nerve pain woke him up at night and could be severe enough to the point that he was unable to put on his socks. The examiner found that the Veteran had increasing pain with alternating tingling and numbness in the right lower extremity and increasing numbness and tingling with alteration of mild to moderate pain in the left lower extremity. The examiner concluded that the Veteran had moderate incomplete paralysis of the sciatic nerve in both lower extremities along with mild incomplete paralysis of the external popliteal nerve in both lower extremities. 

Notably, the Court has held that an “effective date should not be assigned mechanically based on the date of a diagnosis. Rather, all of the facts should be examined to determine the date that [the veteran’s disability] first manifested.” Swain v. McDonald, 27 Vet. App. 219, 224 (2015). Thus, the Board finds it factually ascertainable from the record that the Veteran’s right and left leg sciatica and external popliteal (common peroneal) nerve met the criteria for a 20 percent rating effective June 24, 2016. As such, an effective date of June 24, 2016 is warranted for right and left leg sciatica and external popliteal (common peroneal) nerve. The Board has considered a VA treatment record for July 13, 2015, but finds that it does not establish that an increase in severity occurred in either extremity.

(Continued on the next page)

 

A claimant is generally presumed to be seeking the maximum evaluation and benefit available under the law. AB v. Brown, 6 Vet. App. 35, 39 (1993). However, a claimant can choose to limit the appeal for a claim for less than the maximum benefit. See Id. at 35. The Board finds that the Veteran has limited the current appeal and the award of a 20 percent rating for right and left leg sciatica and external popliteal (common peroneal) nerve effective June 24, 2016 constitutes a full grant of the claims on appeal.

 

 

Thomas H. O'Shay

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Mac, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.